PERKINS COIE LLP
Alisha C. Burgin, Bar No. 286269
ABurgin@perkinscoie.com
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Nicola C. Menaldo (*pro hac vice application forthcoming)*
NMenaldo@perkinscoie.com
Anna Mouw Thomspon (*pro hac vice application forthcoming)*
AnnaThompson@perkinscoie.com
Jordan C. Harris (*pro hac vice application forthcoming)*
JordanHarris@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206.359.8000
Fax: 206.359.9000

Attorneys for Defendant Magnite, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEWIS, GLADYS SOLIS, and PATRICIA CASTILLO, individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>MAGNITE, INC.,<br><br>Defendant. | Case No.<br><br>DEFENDANT MAGNITE INC.'S NOTICE OF REMOVAL<br><br>[Removed from Superior Court of the State of California, County of Los Angeles, Case No. 25STCV06309]<br><br>Complaint Filed: March 5, 2025 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT**:

PLEASE TAKE NOTICE that defendant Magnite, Inc. ("Magnite") hereby removes this civil action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446 and 1453. Magnite hereby provides a short and plain statement of the grounds for removal pursuant to 28 U.S.C. §1446(a).

**<u>BACKGROUND</u>**

1. On March 5, 2025, Plaintiffs Edward Lewis, Gladys Solis, and Patricia Castillo ("Plaintiffs"), commenced a civil action entitled *Edward Lewis, Gladys Solis, and Patricia Castillo, individually and on behalf of similarly situated individuals, v. Magnite, Inc.*, Case No. 25STCV06309, in the Superior Court of the State of California, County of Los Angeles. A true and correct copy of the complaint is attached as Exhibit A ("Complaint" or "Compl.").

2. The Complaint alleges that Magnite "is a registered data broker in California" that "developed a proprietary online tracker known as the Rubicon Project," which Magnite allegedly uses to "collect[] a wealth of information about consumers and their mobile devices" and help advertisers "target their ads to more likely customers." *See, e.g.*, Compl. ¶¶ 3-6. Magnite allegedly used the Rubicon Project to collect, record, and disseminate Plaintiffs' personal information, geolocation data, and communications without their knowledge or consent. *Id.* ¶ 1.

3. The Complaint asserts claims for violations of the California Information Privacy Act ("CIPA"), California Penal Code sections 631(a) and 638.51, *id.* ¶¶ 1, 110-18, the California constitution's right to privacy, *id.* ¶¶ 1, 119-28, and common law unjust enrichment, *id.* ¶¶ 1, 138-143.

4. Plaintiffs also seek to represent a proposed class of "[a]ll California residents who have, within the applicable statute of limitations, used, visited, or

accessed a website or mobile app on which the Rubicon Tracker has been installed, and whose IP addresses, browser data, device data, and/or other personal information and communications were collected by and disclosed to Magnite via the embedded tracker." *Id.* ¶ 104.

5. Plaintiffs seek statutory damages under California Penal Code section 637.2, restitution, disgorgement of profits, nominal damages, costs of the suit, attorneys' fees under California Code of Civil Procedure section 1021.5, and declaratory and injunctive relief. Compl. at 41.

6. Plaintiffs effected service of process on March 21, 2025. *See* Ex. B (summons); Ex. C (proof of service), Exhibits A, B, and D-F to this Notice include all "process, pleadings, [or] orders" that have been served on Magnite. *See* 28 U.S.C. § 1446(a); *see also* Ex. G (copy of the Registry of Actions in this matter in Los Angeles Superior Court).

**<u>REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT</u>**

7. An action is removable if a federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The Class Action Fairness Act of 2005 ("CAFA") vests federal courts with original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class consists of at least 100 members; (2) the parties are minimally diverse, meaning "any member of a class of plaintiffs is a citizen of a State different from any defendant;" and (3) the aggregated amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, these requirements are met.

***The Proposed Class Consists of at Least 100 Members***

8. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons

as a class action." 28 U.S.C. § 1332(d)(1)(B). The Complaint includes "class action allegations" and Plaintiffs bring claims on behalf "of themselves and all others similarly situated." Compl. ¶ 104. It is thus a putative class action for purposes of CAFA.

9. The proposed class is 100 or more. *See* Compl. ¶ 105 (stating that "the number of persons in the class is estimated to be in the millions").

***Minimal Diversity Exists***

10. Diversity under CAFA exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). A corporation is deemed to be a citizen of every state "by which it has been incorporated and . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11. Plaintiffs allege that they are citizens of California. Compl. ¶¶ 15-17. The putative class in this case is limited to persons residing in California. *Id.* ¶ 104.

12. Magnite is a Delaware corporation with its principal place of business in New York, New York. *See* Declaration of Aaron Saltz in Support of Notice of Removal ("Saltz Decl.") ¶¶ 2-3. Magnite is thus a citizen of Delaware and New York.

13. The complaint incorrectly asserts that Magnite is headquartered in California. *Compare* Compl. ¶ 18, *with* Saltz Decl. ¶¶ 2-3.

14. Accordingly, because all proposed class members are citizens of California, and Magnite, which is the only named defendant, is not a citizen of California, CAFA's minimal diversity requirement is satisfied.

***The Amount in Controversy Exceeds $5,000,000***

15. To remove a case from state court, the defendant must plead only "a short and plain statement of the grounds for removal" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*

*Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018). This standard is satisfied when it is "facially apparent" from the complaint that the claims likely exceed $5,000,000. *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89. Moreover, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). It includes claims for monetary damages, restitution, penalties, attorneys' fees if recoverable by statute or contract, and punitive damages. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

16. Here, Plaintiffs' Complaint plausibly alleges an amount in controversy in excess of $5,000,000, exclusive of interests and costs.

17. Plaintiffs seek to represent a purported class of "millions" of individuals. Compl. ¶ 105.

18. Plaintiffs allege that they and these purported "millions" of proposed class members are entitled to statutory damages under CIPA of $5,000 for each violation of sections 631(a) and 638.51. Compl. ¶¶ 117, 127. It is therefore "facially apparent" from the complaint, based on this subset of Plaintiffs' claims alone, that the claims likely exceed $5,000,000.

***None of CAFA's Exceptions Bar Removal***

19. This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

20. Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was

originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here because the sole defendant, Magnite, is not a citizen of California. *See* Saltz Decl. ¶¶ 2-3.

21. Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. §§ 1332(d)(9), 1453(d) (limiting § 1332(d)(2) to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws). Those provisions do not bar jurisdiction here because Plaintiffs' claim does not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor does it involve state-centric corporate governance issues.

## PROCEDURAL STATEMENT

### *This Filing is Timely*

22. Plaintiffs served Magnite on March 21, 2025. *See* Ex. C. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) because Magnite filed it within 30 days after it was served. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (30-day removal period triggered by formal service); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).

### *Venue of Removed Action*

23. Venue properly lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 84(c) and 1441(a), because this "district and division embrac[es]" Los Angeles County, where the Complaint was initially filed.

### *Notice to State Court and Plaintiff*

24. Pursuant to 28 U.S.C. § 1446(d), Magnite is filing a copy of this

Notice of Removal with the Superior Court of the State of California, County of Los Angeles, where this case was originally filed, and serving a copy of this Notice of Removal on Plaintiff.

***Pleadings in the State Court***

25. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Magnite in this action are attached as Exhibits A, B, and D-F. A true and correct copy of the Los Angeles Superior Court docket for this action is attached as Exhibit G.

**NON-WAVIER OF DEFENSES**

26. Magnite expressly reserves all its defenses. By removing the action to this Court, Magnite does not waive any rights or defenses available under federal or state law. Nothing in this Notice of Removal should be taken as an admission that Plaintiffs' allegations are sufficient to state a claim or have any substantive merit. In addition, Magnite does not concede that Plaintiffs state any claim upon which relief can be granted, or that Plaintiffs or the putative class are entitled to any relief of any kind or nature. *See Lewis*, 627 F.3d at 400 ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (plaintiffs should not "conflat[e] the amount in controversy with the amount of damages actually recoverable."). If any questions arise as to the propriety of the removal of this action, Magnite respectfully requests the opportunity to submit additional papers and to present oral argument.

WHEREFORE, Magnite hereby removes the above-entitled case to this Court.

Dated: April 18, 2025

**PERKINS COIE LLP**

By: */s/ Alisha C. Burgin*
Alisha C. Burgin, Bar No. 286269
ABurgin@perkinscoie.com

Attorney for Defendant
MAGNITE, INC.