Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Alyssa Brown (SBN 301313)
abrown@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 West Olive Ave., Suite 500
Burbank CA 91505
Telephone: (310) 474-9111
Facsimile:  (310) 474-8585

Philip L. Fraietta (SBN 354768)
pfraietta@bursor.com
**BURSOR & FISHER, P.A.**
1330 Ave. of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7408
Facsimile: (212) 989-9163

Emily A. Horne (SBN 347723)
ehorne@bursor.com
Joshua R. Wilner (SBN 353949)
jwilner@bursor.com
**BURSOR & FISHER, P.A.**
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700

*Proposed Class Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| EDWARD LEWIS, GLADYS SOLIS, and PATRICIA CASTILLO, individuals, on behalf of themselves and all others similarly situated,<br><br>                                Plaintiffs,<br><br>     v.<br><br>MAGNITE, INC.,<br><br>                                Defendant. | Case No. 2:25-CV-03448-MWC-SSC<br><br>**DECLARATION OF TINA WOLFSON IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL**<br><br>Date: August 8, 2025<br>Time: 1:30 PM<br>Courtroom: 6A<br>Judge: Hon. Michelle Williams Court |

| | | |
|---|---|---|
| 1 | LISA TSERING, ARIEL GILLIGAN, LOGAN MITCHELL, MARC RUSSO, and DILARA USKUP, individually and on behalf of all other persons similarly situated, | Case No. 2:25-cv-04874-MWC-SSC |
| 2 | | |
| 3 | | Judge: Hon. Michelle Williams Court |
| 4 | | |
| 5 | Plaintiffs, v. | |
| 6 | | |
| 7 | MAGNITE, INC., | |
| 8 | Defendant. | |

DECLARATION OF TINA WOLFSON IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL
CASE NO. 2:25-CV-03448-MWC-SSC

# DECLARATION

I, Tina Wolfson, hereby declare as follows:

1. I am a founding partner of Ahdoot & Wolfson, PC ("AW"), and a member in good standing of the bar of the state of California, the state of New York, and the District of Columbia. I submit this declaration in support of Plaintiffs' Motion to Consolidate Cases and Appoint Interim Class Counsel.

2. I make the following declaration based on my own personal knowledge and, where indicated, based on information and belief, that the following statements are true. If called upon as a witness, I could and would competently testify as follows.

## BACKGROUND

3. On March 5, 2025, the law firm Loevy & Loevy filed the *Lewis* action in Los Angeles Superior Court. It was then removed to this Court on April 18, 2025. On April 9, 2025, Bursor & Fisher, P.A. filed the *Tsering* action in the Northern District of California. It was then transferred to this District on June 5, 2025.

4. Rather than filing a competing complaint, AW coordinated with Bursor & Fisher to join the *Tsering* action, as encouraged in the Manual for Complex Litigation, and have agreed to work together for the benefit of the class.

5. On June 10, 2025, my firm attempted to contact Loevy & Loevy, counsel for plaintiffs in the *Lewis* action, regarding the consolidation of the *Lewis* and *Tsering* actions and coordinating on leadership. We did not receive a response to our communication. I have been informed by my co-counsel at Bursor & Fisher that they also attempted to contact Loevy & Loevy regarding consolidation and coordination of counsel on May 2, and again on May 9, and did not receive a response to their efforts either.

6. On June 23, 2025, my firm reached out to all counsel by email to set up a meeting to discuss consolidation and leadership pursuant to Local Rule 7-3. On June 26, 2025, I met with counsel for Magnite, Inc. ("Defendant" or "Magnite"), as well as for plaintiffs in the *Lewis* action, via videoconference, and thoroughly discussed each

and every issue raised in the Motion to Consolidate Cases and Appoint Interim Class Counsel. All parties agreed that consolidation is appropriate. Counsel for Magnite takes no position regarding the Motion to Appoint Interim Class Counsel, and counsel for plaintiffs in the *Lewis* action made it clear that they believe only their firm should be appointed lead counsel and no one else. I suggested different compromises that included a co-leadership scenario, but these were rejected. Mr. Hanson (of Loevy & Loevy) stated that he was unlikely to change his mind but would reach out if his position changed. To date, I have received no follow-up correspondence from Mr. Hanson.

## MS. WOLFSON'S AND HER FIRM'S EFFORTS AND COMMITMENT OF RESOURCES ON BEHALF OF CLASS MEMBERS

7. AW has been diligent in and committed to investigating claims on behalf of the class of victims impacted by Magnite. AW has diligently investigated potential legal claims (and potential defenses thereto) arising from Magnite's use of tracking technology to build and sell consumer profiles, and has reviewed information relating to the factual underpinnings of Magnite's conduct.

8. AW and proposed interim co-lead counsel have performed the following original work and investigations on behalf of Plaintiffs and class members, among other things:

- Investigated the functionality of the Rubicon Tracker (a technology that reads and intercepts communications to provide ongoing information to Defendant and advertisers that Defendant contracts with);

- Confirmed the Rubicon Tracker was loaded onto numerous websites and investigated what information from website users was intercepted by the Rubicon Tracker on those websites;

- Retained consulting experts to help understand the tracking technology and the nature of the purported class' damages;

- Investigated Plaintiffs' and class members' interactions with the websites containing the Rubicon Tracker;

DECLARATION OF TINA WOLFSON IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL
CASE NO. 2:25-CV-03448-MWC-SSC

2

- Investigated Rubicon's disclosure and sale of collected personal data;

- Investigated legal claims arising from Defendant's use of the Rubicon Tracker and sale of class members' private data;

- Researched Defendant's corporate structure;

- Investigated Defendant's marketing, privacy disclosures, and methods of attaining assent to its Terms of Use;

- Investigated the scope of Defendant's data sharing practices, and its public statements regarding the same;

- Evaluated Defendant's likely defenses based on extensive factual and legal research;

- Investigated the nature of the challenged conduct at issue here by interviewing dozens of potential clients;

- Investigated the adequacy of the named Plaintiffs to represent the putative class;

- Used the research and investigation obtained to date to begin preparing a detailed consolidated complaint in the event we are appointed by the Court; and

- Successfully engaged in private ordering and self-organizing leadership in this litigation, securing mutual support from Bursor & Fisher to serve as interim co-lead class counsel.

9. AW has committed substantial time and resources to organizing and working collaboratively and efficiently toward the advancement of the litigation and will continue to do so. As a result of these efforts, AW and its co-counsel have begun to develop a clear understanding of the claims and defenses in this case.

10. AW is committed to working cooperatively with Defendant's counsel and coordinating with Defendant's counsel as this litigation progresses.

//

//

## TINA WOLFSON'S EXPERIENCE

11. I graduated Harvard Law School *cum laude* in 1994 and have 27 years of data privacy class action experience. In the late 1990s, when I co-founded AW, we prosecuted major financial institutions for unlawfully compiling and selling the detailed financial data of millions of consumers to third-party telemarketers, exposing corporate practices that later became the subject of Gramm-Leach-Bliley Act regulation. We continue to bring trail-blazing privacy-related class actions and have won numerous issues of first impression at the trial and appellate levels. For example, in *Remijas v. Neiman Marcus Grp.*, LLC, 794 F.3d 688 (7th Cir. 2015) our firm single-handedly won the seminal appellate opinion on Article III standing based on imminent future harm. We have achieved some of the largest monetary settlements in the data privacy space, and overhauled corporate practices with respect to data protection and consumer autonomy. Attached hereto as **Exhibit A** is my resume, detailing some of my relevant experience.

12. I have litigated countless data privacy cases and have a deep understanding of the many substantive and technical issues that arise, including vetting and pleading the best class representatives and causes of action, briefing and arguing motions to dismiss, efficiently pursuing seminal discovery that involves highly technical factual issues and evidentiary privilege issues, taking effective depositions, including of information security officers and technical and damages experts, working with forensic consultants and experts to develop the class damage models, and briefing and arguing *Daubert*, class certification, and summary judgment motions.

13. While battling on the litigation front, I consistently continue the settlement dialogue with defense counsel. I am intimately familiar with data privacy insurance coverage issues, as well as the best practices in structuring, negotiating and memorializing settlements, and working with class action administrators to provide the most efficient and effective notice to the class. I personally monitor notice

DECLARATION OF TINA WOLFSON IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL
CASE NO. 2:25-CV-03448-MWC-SSC

4

campaigns and claim trends to make sure that administrators are doing the best job for the class.

14. I have previously co-counseled amicably, efficiently, and successfully with Bursor & Fisher, and will do so here should the Court appoint me as interim co-lead class counsel. While zealously advocating for the plaintiffs, I develop amicable professional relationships with defense counsel as well, as demonstrated by mutual invitations to lecture at law schools, CLE conferences, and bar events. The same leadership skills that enabled the success of my firm over the past three decades have enabled my success in MDLs: a balance of experienced decisiveness and an open mind that is willing to listen and learn; deliberate multi-tasking and time management; respectful candor; personal responsibility and accountability; and mentorship of future class action leaders.

15. I fully understand the financial and human resources this case will require and would not seek a leadership position if I could not deliver. AW has never used third-party funding for any matter, has never failed to pay assessments in any case (many of them totaling several million dollars), and is well-funded and well-staffed to litigate this matter to successful results, whether by settlement or verdict.

16. If appointed, I will be personally accountable to serve the class and the Court to the best of my ability, and the Court should expect that I will appear in person and be thoroughly prepared on every issue. To minimize the burden on the Court, I will implement the invaluable insights into the challenges facing our federal judiciary that I have gained through my service as a Ninth Circuit Lawyer Representative for the Central District of California, a member of the Ninth Circuit Conference Executive Committee, a member of the Merit Selection Panel for the U.S. District Court, Central District of California, and Vice President of the federal tort section of the FBA.

17. I will additionally mentor younger associates who are from historically underrepresented groups to handle oral argument.

DECLARATION OF TINA WOLFSON IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL
CASE NO. 2:25-CV-03448-MWC-SSC

5

18. My firm's and Bursor & Fisher's work in this action to date, as well as our experience prosecuting complex litigation matters, demonstrate that we are well-qualified to serve as interim co-lead class counsel in this matter.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of July 2025, at Burbank, California.

                                       */s/ Tina Wolfson*
                                       Tina Wolfson

DECLARATION OF TINA WOLFSON IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL
CASE NO. 2:25-CV-03448-MWC-SSC

6

EXHIBIT A



**Tina Wolfson, Founding Partner**



Ms. Wolfson was born in the former Soviet Union and her family escaped when she was eleven years old. Seven years after arriving to the United States as an indigent political refugee, without speaking any English, she attended Columbia College and then Harvard Law School (class of 1994), graduating both *cum laude*.

Ms. Wolfson began her civil litigation career at Morrison & Foerster, LLP, where she defended major corporations in complex actions and represented indigent individuals in immigration and deportation trials as part of the firm's *pro bono* practice. She then gained further invaluable litigation and trial experience at a boutique firm, representing plaintiffs on a contingency basis in civil rights and employee rights cases.

In 1998, Ms. Wolfson co-founded Ahdoot Wolfson, now a nationally recognized law firm that specializes in complex and class action litigation, with a focus on privacy rights. Our experienced litigators have often been appointed by state and federal courts as lead class counsel, including in multidistrict litigation. We have successfully vindicated the rights of millions of class members, conferring billions of dollars to victims, and affecting real change in corporate behavior, including in the following:

- *Experian Data Breach Litig.*, No. 8:15-cv-01592-AG-DFM (C.D. Cal.) (Hon. Andrew J. Guilford) - $150 million.
- *Rivera v. Google LLC*, No. 2019-CH-00990 (Ill. Cir. Ct.) (Hon. Ann M. Loftus) - $100 million for Illinois consumers and overhauling of Google's biometric privacy practices related to Google pics.
- *Zoom Video Commc'ns, Inc. Privacy Litig.*, No. 3:20-cv-02155 (N.D. Cal.) (Hon. Lucy J. Koh and Hon. Laurel Beeler) - $85 million plus robust injunctive relief overhauling Zoom's data collection and security practices.
- *Premera Blue Cross Customer Data Sec. Breach Litig.*, No. 3:15-cv-2633-SI (D. Or.) (Hon. Michael H. Simon) - $74 million.
- *Google Location History Litig.*, No. 5:18-cv-5062-EJD (N.D. Cal.) (Hon. Edward J. Davila) - $64 million in case alleging Google's unlawful collection and use of mobile device location information on Android and iPhone devices.
- *U.S. Office of Personnel Management Data Security Breach Litig.*, No. 1:15-mc-1394-ABJ (D.D.C.) (Hon. Amy Berman Jackson) - $63 million.
- *Apple Inc. Device Performance Litig.*, No. 5:18-md-2827-EJD (N.D. Cal.) (Hon. Edward J. Davila) - $500 million settlement to iPhone users whose device performance and battery life was deliberately degraded.
- *Alvarez v. Sirius XM Radio Inc*., No. 2:18-cv-08605-JVS-SS (C.D. Cal.) (Hon. James V. Selna) - $420 million settlement in alleged breach of lifetime subscription class action, reached minutes prior to oral argument in Ninth Circuit on appeal of a granted motion to compel arbitration.
- *Eck v. City of Los Angeles*, No. BC577028 (LASC) (Hon. Ann I. Jones) - $295 million to Los Angeles electricity users who paid an allegedly illegal tax.
- *Kirby v. McAfee, Inc*., No. 5:14-cv-02475-EJD (N.D. Cal.) (Hon. Edward J. Davila) - $80 million to consumers subjected to auto-renewals at an undiscounted subscription price.

Ms. Wolfson is additionally court-appointed counsel in a number of ongoing consumer class actions pending in the Central District of California, including the following:

- ***ZF-TRW Airbag Control Units Products Liability Litigation***, No. 2:19-ml-02905 (C.D. Cal.) (Hon. John A. Kronstadt) – a class action alleging a dangerous defect in car airbag component units.
- ***In re LoanDepot Data Breach Litigation,*** No. 8:24-cv-00136 (C.D. Cal.) (Hon David O. Carter) – a data breach class action where plaintiffs recently moved for final approval of a class action settlement valued at over $98.5 million.
- ***Clark v. American Honda Motor Co., Inc***., No. 2:20-cv-03147 (C.D. Cal.) (Hon. Andre Birotte, Jr.) – a class action alleging misrepresentations regarding a dangerous automotive defect.

Ms. Wolfson frequently lectures on numerous class action topics across the country, including as a regular presenter at the University of San Diego School of Law Annual Class Action Law Forum. She has served as a Ninth Circuit Lawyer Representative for the Central District of California, as Vice President of the Federal Litigation Section of the Federal Bar Association, as a member of the American Business Trial Lawyer Association, as a participant/panelist at the Bolsch Judicial Institute Conferences at Duke Law School, and the Institute for the Advancement of the American Legal System at the University of Denver. She currently serves on the Executive Committee for the Ninth Circuit Judicial Conference, on the magistrate judge Merit Selection Panel for the Central District of California, and on the Board of Public Justice.