UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-03448-MWC-SSC Date: September 16, 2025

Title: Edward Lewis *et al.* v. Magnite, Inc.

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings: Order GRANTING Motion to Consolidate Cases and APPOINTING Jon Loevy, Michael Kanovitz, and Thomas M. Hanson as Interim Class Counsel (Dkts. 27, 32)**

Before the Court is a motion to consolidate cases and a motion for appointment of interim counsel. On July 3, 2025, Plaintiffs Lisa Tsering, Ariel Gilligan, Logan Mitchell, Marc Russo, and Dilara Uskup (collectively, "Tsering Plaintiffs") filed a motion to consolidate cases and seeking appointment of Tina Wolfson and Philip L. Fraietta as interim class counsel. *See* Dkt. # 27 ("*Tsering Mot.*"). On July 28, 2025, Plaintiffs Edward Lewis, Patricia Castillo, and Gladys Solis (collectively, "Lewis Plaintiffs") filed a motion to appoint Jon Loevy, Michael Kanovitz, and Thomas M. Hanson as interim class counsel. *See* Dkt. # 32 ("*Lewis Mot.*"). Defendant Magnite, Inc. ("Defendant") did not oppose either motion and took no position as to the appointment of class counsel. *See* Dkts. # 28, 35. The Lewis Plaintiffs' motion served as their opposition to the Tsering Plaintiffs' motion. *See* Dkt. # 36. The Tsering Plaintiffs filed an opposition to the Lewis Plaintiffs' motion, *see* Dkt. # 37 ("*Tsering Opp.*"), and the Lewis Plaintiffs filed a reply in support of their motion, *see* Dkt. # 38 ("*Lewis Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers, the Court **GRANTS** the motion to consolidate cases and **APPOINTS** Jon Loevy, Michael Kanovitz, and Thomas M. Hanson as interim class counsel. The September 19, 2025, hearing is **VACATED**.

## I. Motion to Consolidate

Defendant is "a data broker that compiles information about individuals from across the internet." *Tsering Mot.* 1. All plaintiffs allege that Magnite unlawfully surveils the plaintiffs and putative members by intercepting confidential communications and deploying tracking technology on hundreds of websites. *Id.* 2. The plaintiffs seek relief under the Electronic Communications Privacy Act, the California Invasion of Privacy Act ("CIPA"), the California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**



Constitution, and California common law. *See id.* 2; *see generally* Dkt. # 1-1. The Lewis Plaintiffs filed their action on March 5, 2025, in Los Angeles County Superior Court, which Defendant removed on April 18, 2025. *See* Dkt. # 1. The Tsering Plaintiffs filed a separate action on April 9, 2025, in the United States District Court for the Northern District of California; that case was transferred to this District on June 5, 2025. *See* Dkt. # 19. Defendant filed a notice of related case on June 18, 2025, identifying the Tsering Plaintiffs' case, and the Tsering Plaintiffs' case was transferred to this Court on June 24, 2025, *see* Dkt. # 29. The Tsering Plaintiffs filed a motion to consolidate the cases, *see Tsering Mot.*, with which the Lewis Plaintiffs concurred, *see* Dkt. # 36. Defendant does not oppose the motion to consolidate. *See* Dkts. # 28, 35.

Federal Rule of Civil Procedure ("Rule") 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Courts have broad discretion to order consolidation under Rule 42(a). *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). A defendant's lack of opposition to a motion to consolidate counsels in favor of granting the motion. *See Ferreira v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328, at *3 (C.D. Cal. June 11, 2020).

The Court finds consolidation of these matters appropriate. All plaintiffs concur in the motion, and Defendant has not opposed. Consolidating these matters will promote judicial economy since they involve the same questions of law and fact. Accordingly, the Court **GRANTS** the motion to consolidate and **ORDERS** *Tsering v. Magnite, Inc.*, No. 2:25-cv-04874-MWC-SSC consolidated with *Lewis v. Magnite, Inc.*, No. 2:25-cv-03448-MWC-SSC.

## II. Motion to Appoint Interim Class Counsel

### A. Background

The Tsering Plaintiffs ask the Court to appoint Lisa Wolfson of Ahdoot & Wolfson, P.C. and Philip L. Fraietta of Bursor & Fisher, P.A. as interim class counsel. *See generally Tsering Mot.* The Lewis Plaintiffs contend that the Court should instead appoint Jon Loevy, Michael Kanovitz, and Thomas M. Hanson, all from Loevy & Loevy. *See generally Lewis Mot.* Both sets of plaintiffs provide several reasons as to why their suggested counsel should serve as interim class counsel.

The Tsering Plaintiffs believe that their suggested counsel are best able to represent the interests of the class because these individuals have performed the most work in identifying and

investigating the claims in this action and have the necessary resources to efficiently prosecute the case. *Tsering Mot.* 6. Specifically, the Tsering Plaintiffs provide information as to their proposed counsel's investigations into the "Rubicon Tracker (a technology that reads and intercepts communications to provide ongoing information to Defendant and advertisers that Defendant contracts with)," Defendant's corporate structure, and Defendant's corporate practices related to privacy disclosures and data sharing, among others. *Id.* 6–7. They also highlight that both Ahdoot & Wolfson and Bursor & Fisher have extensive experience pursuing complex class cases, particularly data privacy cases. *Id.* 7–10. The Tsering Plaintiffs provide individual profiles of Ms. Wolfson and Mr. Fraietta outlining their credentials and the reasons that their firms are well-positioned to represent the putative class. *See id.* 10–17.

The Lewis Plaintiffs' brief outlines many similar arguments. They argue that Loevy & Loevy has extensive knowledge of the law and experience with class actions, *see Lewis Mot.* 9, in addition to the firm having over 50 full-time attorneys, dozens of support staff, and significant financial resources to contribute to the representation, *see id.* 21–22. Likewise, the Lewis Plaintiffs' brief includes individual profiles of Mr. Loevy, Mr. Kanovitz, and Mr. Hanson. *See id.* 11–17. The Lewis Plaintiffs' brief deviates, however, by arguing that Loevy & Loevy was the first firm that investigated and identified the applicability of CIPA to Magnite's use of the Rubicon tracker, *see id.* 7–10, in addition to claiming that the Tsering Plaintiffs filed a "copycat" lawsuit for which the Court should not reward their attorneys, *see id.* 22–23. Their brief also disputed that Mr. Fraietta had extensive class action experience, *id.* 17–18, and argued that "[i]f Mr. Fraietta only got to the table because he copied Loevy's complaint, Ms. Wolfson is only here because she was brought in by the attorney who copied Loevy's complaint," *id.* 19.

In response to one another, the two sets of plaintiffs disputed several items. The Tsering Plaintiffs argued that Bursor & Fisher and Ahdoot & Wolfson each independently undertook a significant pre-suit investigation that long preceded the filing of the Lewis Plaintiffs' complaint. *Tsering Opp.* 5–7. Moreover, the Tsering Plaintiffs point to their firms' experiences in CIPA and other privacy class actions, drawing a contrast by asserting that Loevy & Loevy did "not identify a single victory in a CIPA class action." *Id.* 7–10. The Tsering Plaintiffs also contest that they copied the Lewis Plaintiffs' complaint, instead pointing to identical language in the Lewis Plaintiffs' complaint to that of two other Bursor & Fisher cases against other defendants. *Id.* 11–16.

The Lewis Plaintiffs' reply in support of their motion focused much of their argument on case law suggesting that the Court should appoint the attorneys who filed their case first. *See generally Lewis Reply*. While arguing that Loevy & Loevy is more qualified, the Lewis Plaintiffs acknowledged that the lawyers for each set of plaintiffs are of the "same tier of qualifications," *id.* 3, and that the Tsering Plaintiffs' counsel's CIPA experience should not be

dispositive, since the Lewis Plaintiffs' counsel have more trial experience. *Id.* 4–5. The Lewis Plaintiffs further aver that Bursor & Fisher has a history of "copycatting," *id.* 7–8, while explaining that the identical language in the Lewis Plaintiffs' complaint to those of other Bursor cases was due to Loevy having reviewed "dozens of CIPA complaints," some of which were indeed Bursor's, *id.* 10.

B. Legal Standard

Rule 23(g)(3) permits courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). These designations are especially appropriate where there are multiple cases with overlapping allegations, including where the court has consolidated such cases. *See Hohenberg v. Ferrero U.S.A., Inc.*, No. 3:11-cv-00205-H-KSC, 2011 WL 13134161, at *2 (S.D. Cal. Mar. 22, 2011); *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014). The Court must ensure that interim counsel is adequate under the Rule 23(g)(1) factors and will fairly and adequately represent the interests of the class. *White v. Experian Info. Sols.*, 993 F. Supp. 2d 1154, 1169 (C.D. Cal. 2014). A court should consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A).

The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(12). "[I]t would be an abuse of discretion to appoint an attorney as class counsel *solely* because he may have won the race to the courthouse." *Lowery v. Spotify USA Inc.*, No. CV 15-09929-BRO (RAOx), 2016 WL 6818756, at *3, n.2 (C.D. Cal. May 16, 2023) (emphasis added) (citing *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1048 (9th Cir. 2015)). Still, "a significant body of other courts has acknowledged that, where the Rule 23(g)(1)(A) factors are equal, being first to file bears out a proposed team's preparation and commitment to prosecuting the case." *In re Data Breach Sec.*

*Litig. Against Caesars Ent., Inc.*, No. 2:23-CV-01447-ART-BNW, at *6 (D. Nev. June 12, 2024).

C. Analysis

To determine who should serve as interim class counsel, the Court will evaluate each of the Rule 23(g)(1)(A) factors in turn, in addition to any other relevant information bearing on the interests of the class.

*i. Work Identifying Claims in the Action*

Each set of plaintiffs provides a litany of information as to counsel's work to identify their claims. The Tsering Plaintiffs list fourteen separate aspects of their investigation into Defendant and the Rubicon Tracker, *Tsering Mot.* 6 –7, while the Lewis Plaintiffs offer the steps their counsel took in anticipation of filing, *id.* 7–9, which are largely similar. The Lewis Plaintiffs contend that their filing first should be dispositive, *Lewis Reply* 2–3, and question why Bursor "did not sue Magnite itself over the year-plus that it was filing lawsuits against website operators who use the Rubicon Tracker," *id.* 10. Given the parties' competing allegations, the Court lacks clarity as to the independence of Tsering Plaintiffs' counsel's investigation. The Court can, however, identify objectively that the Lewis Plaintiffs filed their case more than one month before the Tsering Plaintiffs. Though the Court will not pronounce that the Tsering Plaintiffs' complaint was a "copycat," the fact that the Lewis Plaintiffs filed earlier in time suggests that their complaint could have provided useful guidance to the Tsering Plaintiffs. Accordingly, this factor falls in favor—though not overwhelmingly—of appointing Lewis Plaintiffs' counsel.

*ii. Counsel's Experience and Knowledge of the Applicable Law*

Both sets of attorneys have significant experience and a host of knowledge as to the applicable law. The Tsering Plaintiffs identify several similar cases on which Ms. Wolfson and Mr. Fraietta have worked. *See Tsering Mot.* 9–10. The Lewis Plaintiffs do the same with respect to Mr. Loevy, Mr. Kanovitz, and Mr. Hanson. *See Lewis Mot.* 11–17.

The Court finds that the experience and knowledge factors favor neither party. Though the Court acknowledges that Mr. Fraietta has been practicing for fewer years than the other attorneys under consideration, he has amassed significant experience in data privacy cases during that time. *See Tsering Mot.* 14–15. Ms. Wolfson, in addition to her extensive experience in consumer privacy cases, is most involved in this Circuit and District, given her past role as Ninth

Circuit Lawyer Representative for the Central District of California and her current service on the Executive Committee for the Ninth Circuit Judicial Conference and on the magistrate judge Merit Selection Panel for the Central District of California. *See id.* 11–12. Moreover, the Lewis Plaintiffs do not dispute that the Tsering Plaintiffs' counsel have more direct CIPA experience. *See Lewis Reply* 5.

The Lewis Plaintiffs' counsel share similarly relevant qualifications. Mr. Loevy has amassed an impressive list of successful representations at both the trial and appellate level, and Forbes Magazine recently named him one of "America's Top 200 Lawyers" for 2024. *Lewis Mot.* 13. He has litigated several complex consumer privacy class actions, including some through trial. *Id.* 13. Mr. Kanovitz has likewise handled complex privacy cases and other kinds of class actions, having done the latter for the entirety of his 31-year career. *Id.* 14–16. And Mr. Hanson has spent most of his career handling class actions on the defense side, *id.* 16–17, a unique qualification among the counsel under consideration. Accordingly, the Court finds that the factors related to experience and knowledge favor neither party.

*iii. Resources Counsel Will Commit*

As to the resources that proposed counsel will commit, here too the Court determines that the factor favors neither party. The Lewis Plaintiffs highlight that Loevy & Loevy has "more than 50 full-time lawyers and dozens of support staff, including investigators, paralegals, and technical consultants." *Id.* 22. Further, Loevy & Loevy's verdicts and settlements guarantee that financial constraints will not limit the firm's investment in this case. *Id.* But Ahdoot & Wolfson and Bursor & Fisher largely share these characteristics, especially when combined. *See Tsering Mot.* 8. Accordingly, as both parties are willing to acknowledge, this factor is "a wash." *See Lewis Mot.* 22; *Tsering Opp.* 11.

*iv. Determination*

The Lewis Plaintiffs identified correctly that "no one can seriously dispute that the Class could do well with either choice. All of the lawyers and law firms at issue are stellar, and would do superior legal work." *Lewis Mot.* 21. The Court's analysis of the above factors confirms that there is little daylight between these attorneys, all of whom are highly skilled, sufficiently experienced, and well-resourced. As such, the Court needs an objective tie-breaker, and evaluating which party filed first offers one. *See In re Data Breach Sec. Litig. Against Caesars Ent., Inc.*, 2024 WL 2959279, at *6; *Michelle v. Arctic Zero, Inc.*, No. 12cv2063-GPC(NLS), 2013 WL 791145, at *2 n.3 (S.D. Cal. Mar. 1, 2013) (noting that "first-to file can be a relevant factor when the factors for class counsel do not tilt heavily in either direction and there is a need for an objective tie-breaker"); *Richey v. Ells*, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-03448-MWC-SSC Date: September 16, 2025

Title: Edward Lewis *et al.* v. Magnite, Inc.

("[A]ll of the law firms are more than qualified to handle this action and have adequate resources to pursue this litigation . . . . Ultimately, Plaintiff Richey was the first to file his case and, therefore, the Court appoints his counsel as Lead Counsel for the consolidated action."); *see also In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (identifying that appointed interim class counsel filed the first complaints in the case); *Ekin v. Amazon Servs., LLC*, No. C14-0244-JCC, 2014 WL 12028588, at *4 (W.D. Wash. May 28, 2014) (appointing interim class counsel and noting that appointed party filed first). Since the Lewis Plaintiffs filed more than a month before the Tsering Plaintiffs, the Court will appoint Lewis Plaintiffs' attorneys as interim class counsel.

III. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion to consolidate cases. The cases are now consolidated into *Lewis v. Magnite, Inc.*, 2:25-cv-03448-MWC-SSC, and counsel should file all future documents therein. *Tsering v. Magnite, Inc.*, No. 2:25-cv-04874-MWC-SSC will be **CLOSED**. The Court also **APPOINTS** Jon Loevy, Michael Kanovitz, and Thomas M. Hanson as interim class counsel. The September 19, 2025, hearing is **VACATED**.

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ