Nicola C. Menaldo, *pro hac vice*
NMenaldo@perkinscoie.com
Anna Mouw Thompson, *pro hac vice*
AnnaThompson@perkinscoie.com
Jordan C. Harris, *pro hac vice*
JordanHarris@perkinscoie.com
PERKINS COIE LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Alisha C. Burgin, Bar No. 286269
ABurgin@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: +1.310.788.9900
Facsimile: +1.310.788.3399

Attorneys for Defendant Magnite, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EDWARD LEWIS, GLADYS SOLIS, and PATRICIA CASTILLO, individually and on behalf of similarly situated individuals,

Plaintiffs,

v.

MAGNITE, INC.,

Defendant.

Case No. 2:25-cv-03448-MWC-SSC

**ANSWER TO SECOND CONSOLIDATED AMENDED COMPLAINT**

JURY TRIAL DEMANDED

Defendant Magnite, Inc. ("Magnite," or "Defendant"), by and through its attorneys, Perkins Coie LLP, hereby answer Plaintiffs' Second Consolidated Amended Complaint ("SAC") as follows, in paragraphs numbered to correspond to the paragraph numbers in said SAC. All facts not specifically admitted are denied. For ease of reference, Magnite uses the section headings in the SAC, but specifically denies any and all allegations and inferences of wrongdoing that may be contained in those section headings.

## INTRODUCTION

1. Magnite admits that Plaintiffs seek to bring this claim individually and on behalf of a nationwide class and California subclass of all other similarly situated individuals, and that Plaintiffs seek the relief described in Paragraph 1. Magnite denies that any putative class is amenable to class certification or that Plaintiffs can satisfy the requirements of Federal Rules of Civil Procedure 23 or that Plaintiffs or other putative class members are entitled to any relief whatsoever. Additionally, the allegations in Paragraph 1 pertain to Plaintiffs' Second and Sixth Causes of Action, which have been dismissed. Except as expressly admitted, Magnite denies the allegations in Paragraph 1.

## NATURE OF THE CASE

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 2, such that they are denied. Fed. R. Civ. P. 8(b)(5).

3. Magnite admits that it supports the online advertising industry by helping publishers sell space that displays ads alongside their digital content on websites and in mobile applications. Magnite admits that it is registered with the State of California as a "data broker" under California Civil Code § 1798.99.80. Except as expressly admitted, Magnite denies the allegations and conclusory characterizations

in Paragraph 3.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite admits that it supports the online advertising industry by helping publishers sell space that displays ads alongside their digital content on websites and in mobile applications. Magnite affirmatively alleges that its service uses pseudonymous information from devices, webpages, or browsers, such as a cookie ID—not information that identifies a person by name or otherwise reveals their real-world identities. Magnite lacks information sufficient to form a belief about the truth of allegations regarding the capabilities of third parties, such that they are denied. Fed. R. Civ. P. 8(b)(5). Except as expressly admitted, Magnite denies the allegations and conclusory characterizations in Paragraph 4.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies that it has developed a "Rubicon Tracker." Magnite acknowledges that its Services may entail the use of small pieces of data called 'cookies,' including those set from the rubiconproject.com domain, which may be used in connection with publishers' use of Magnite's Services, subject to browser and user controls. Except as expressly admitted, Magnite denies the allegations and conclusory characterizations in Paragraph 5.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies that it has developed a "Rubicon Tracker." Magnite admits that APIs and SDKs are among the types of technologies that it uses in the course of doing business. Magnite admits that, depending on the Digital Media Property visited, and what information a Digital Media Property chooses to share with Magnite, Magnite may receive certain pseudonymous information about visitors and their devices including the categories of User Information described at https://www.magnite.com/legal/advertising-platform-privacy-policy/. Magnite acknowledges that its Services may entail the use

of small pieces of data called ‘cookies,’ including those set from the rubiconproject.com domain, which may be used in connection with publishers’ use of Magnite’s Services, subject to browser and user controls. Magnite affirmatively alleges that its Services use pseudonymous information from devices, webpages, or browsers, such as a cookie ID—not information that identifies a person by name or otherwise reveals their real-world identities. Except as expressly admitted, Magnite denies the allegations and conclusory characterizations in Paragraph 6.

7. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 7, such that they are denied. Fed. R. Civ. P. 8(b)(5).

8. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 8, such that they are denied. Fed. R. Civ. P. 8(b)(5).

9. Paragraph 9 contains legal conclusions to which no response is required. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 9, such that they are denied. Fed. R. Civ. P. 8(b)(5). To the extent a further response is required, Magnite admits that it is registered with the State of California as a “data broker” under California Civil Code § 1798.99.80. Magnite admits SDKs are among the types of technologies that it uses in the course of doing business. Additionally, the allegations in Paragraph 9 pertain to Plaintiffs’ Second and Sixth Causes of Action, which have been dismissed. Except as expressly admitted, Magnite denies the allegations and conclusory characterizations in Paragraph 9.

10. Paragraph 10 contains legal conclusions to which no response is required. Magnite lacks information sufficient to form a belief about the truth of allegations regarding the “purposes” of third parties, such that the allegations are denied. Fed. R. Civ. P. 8(b)(5). To the extent a further response is required, Magnite admits that it may disclose certain pseudonymous information about website and app users and their devices, including the information described at

https://www.magnite.com/legal/advertising-platform-privacy-policy/. Except as expressly admitted, Magnite denies the allegations and conclusory characterizations in Paragraph 10.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Magnite admits that it may disclose certain pseudonymous information about website and app users and their devices, including the information described at https://www.magnite.com/legal/advertising-platform-privacy-policy/. Magnite affirmatively alleges that its Services use pseudonymous information from devices, webpages, or browsers, such as a cookie ID—not information that identifies a person by name or otherwise reveals their real-world identities. Magnite lacks information sufficient to form a belief about the truth of the allegation that third parties may "easily deanonymize[]" data, such that the allegation is denied. Fed. R. Civ. P. 8(b)(5). Except as expressly admitted, Magnite denies the allegations and conclusory characterizations in Paragraph 11.

12. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 12, such that they are denied. Fed. R. Civ. P. 8(b)(5). The New York Times article cited in Paragraph 12 speaks for itself, and Magnite denies all allegations and characterizations in Paragraph 12 to the extent they are inconsistent with the text of that document.

13. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 13, such that they are denied. Fed. R. Civ. P. 8(b)(5). The Pillar Publication cited in Paragraph 13 speaks for itself, and Magnite denies all allegations and characterizations in Paragraph 13 to the extent they are inconsistent with the text of that document.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 14, such that

they are denied. Fed. R. Civ. P. 8(b)(5).

**PARTIES**

15. Magnite lacks information sufficient to form a belief about the truth of the County of residence of Plaintiff Edward Lewis and on that basis denies the allegations. Fed. R. Civ. P. 8(b)(5).

16. Magnite has insufficient knowledge or information to admit or deny the County of residence of Plaintiff Gladys Solis and on that basis denies these allegations. Fed. R. Civ. P. 8(b)(5).

17. Magnite has insufficient knowledge or information to admit or deny the County of residence of Plaintiff Patricia Castillo and on that basis denies these allegations. Fed. R. Civ. P. 8(b)(5).

18. Magnite admits that it is incorporated in Delaware. Magnite denies its principal place of business is located in Los Angeles, California, and affirmatively alleges that its principal place of business is in New York. Except as expressly admitted, Magnite denies the allegations in Paragraph 18.

**JURISDICTION AND VENUE**

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 19.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite has insufficient knowledge to admit or deny the residence or location of Plaintiffs and on that basis denies the allegations. Magnite affirmatively alleges that the Rubicon Project, Inc. merged with Telaria Inc. in 2020, and the combined company launched with a new name—Magnite, Inc. Magnite denies that it installed a “Rubicon Tracker.” Magnite admits that it has an office in Los Angeles, that it is its second-largest office, and that it employs more than 100 people. Magnite admits that its principal place of business

is in New York. Except as expressly admitted, Magnite denies the allegations in Paragraph 20.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations of Paragraph 21.

## STANDING

22. Paragraph 22 contains legal conclusions and quotations from judicial decisions that speak for themselves to which no response is required.

23. Paragraph 23 contains legal conclusions and quotations from judicial decisions that speak for themselves to which no response is required.

24. Paragraph 24 contains legal conclusions and quotations from judicial decisions that speak for themselves to which no response is required. To the extent a further response is required, Magnite admits that, depending on the Digital Media Property visited and what information a Digital Media Property chooses to share with Magnite, Magnite may receive certain pseudonymous information about visitors and their devices including the categories of User Information described at https://www.magnite.com/legal/advertising-platform-privacy-policy/. Except as expressly admitted, Magnite denies the allegations in Paragraph 24.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in paragraph 25.

26. Paragraph 26 contains legal conclusions and quotations from judicial decisions that speak for themselves to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 26.

## FACTUAL ALLEGATIONS

### I. <u>The California Invasion of Privacy Act</u>

27. Paragraph 27 quotes language from the California Constitution, which

speaks for itself, and contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 27.

28. Paragraph 28 quotes materials and judicial opinions that speak for themselves and contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 28.

29. Paragraph 29 quotes statutory language, which speaks for itself, and contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 29.

30. Paragraph 30 quotes statutory language, which speaks for itself, and contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 30 pertain to Plaintiffs' Second Cause of Action, which has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 30.

31. Paragraph 31 quotes statutory language, which speaks for itself, and contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 31.

32. Paragraph 32 quotes statutory language, which speaks for itself, and contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 32.

33. Paragraph 33 quotes statutory language, which speaks for itself, and contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 33.

34. Paragraph 34 quotes statutory language, which speaks for itself, and contains Plaintiffs' characterizations of statutory terms and legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 34.

35. Paragraph 35 quotes statutory language, which speaks for itself, and contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 35.

36. Paragraph 36 quotes statutory language, materials, and judicial opinions which speak for themselves, and contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 36.

37. Paragraph 37 contains Plaintiffs' characterizations of statutory terms and legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 37.

38. Paragraph 38 contains legal conclusions and quotations from judicial decisions that speak for themselves to which no response is required. Additionally, the allegations in Paragraph 38 pertain to Plaintiffs' Second Cause of Action, which has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 38.

39. Paragraph 39 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 39.

## II. <u>Tracking Technologies and IP Addresses</u>

40. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 40, such that they are denied. Fed. R. Civ. P. 8(b)(5).

41. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 41, such that they are denied. Fed. R. Civ. P. 8(b)(5).

42. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 42, such that they are denied. Fed. R. Civ. P. 8(b)(5). Additionally, the allegations in Paragraph 42 pertain to Plaintiffs' Second and Sixth Causes of Action, which have been dismissed.

43. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 43, such that they are denied. Fed. R. Civ. P. 8(b)(5).

44. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 44, such that they are denied. Fed. R. Civ. P. 8(b)(5).

45. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 45, such that they are denied. Fed. R. Civ. P. 8(b)(5).

46. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 46, such that they are denied. Fed. R. Civ. P. 8(b)(5).

47. Paragraph 47 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 47 pertain to Plaintiffs' Second and Sixth Causes of Action, which have been dismissed. To the extent a response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 47, such that they are denied. Fed. R. Civ. P. 8(b)(5).

48. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 48, such that they are denied. Fed. R. Civ. P. 8(b)(5).

49. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 49, such that they are denied. Fed. R. Civ. P. 8(b)(5).

50. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 50, such that they are denied. Fed. R. Civ. P. 8(b)(5).

51. Paragraph 51 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 51, such that they are denied. Fed. R. Civ. P. 8(b)(5).

52. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 52, such that they are denied. Fed. R. Civ. P. 8(b)(5).

53. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 53, such that they are denied. Fed. R. Civ. P. 8(b)(5).

The LinkedIn article cited in footnote 4 to Paragraph 53 speaks for itself, and Magnite denies all allegations and characterizations in Paragraph 53 to the extent that they are inconsistent with the text of that document.

54. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 54, such that they are denied. Fed. R. Civ. P. 8(b)(5). The Ad Tech Explained and LinkedIn articles cited in footnotes 5 and 6 to Paragraph 54 speak for themselves, and Magnite denies all allegations and characterizations in Paragraph 54 to the extent that they are inconsistent with the text of those documents.

55. Paragraph 55 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations and conclusory characterizations in Paragraph 55.

## III. Magnite's Collection of User Data

56. Magnite's Advertising Platform Privacy Policy and SEC filings speak for themselves, and Magnite denies all allegations and characterizations in Paragraph 56 to the extent that they are inconsistent with the text of those documents. Magnite denies that it offers a "Rubicon Tracker." To the extent a further response is required, Magnite denies the allegations and conclusory characterizations in Paragraph 56.

### A. *Magnite's Privacy Policy*

57. Magnite's Advertising Platform Privacy Policy speaks for itself, and Magnite denies all allegations and characterizations in Paragraph 57 to the extent that they are inconsistent with the text of that document. Magnite denies that it offers a "Rubicon Tracker." To the extent a further response is required, Magnite denies the allegations in Paragraph 57.

58. Paragraph 58 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite's Advertising Platform Privacy Policy speaks for itself, and Magnite denies all allegations and characterizations in Paragraph 58 to the extent that they are inconsistent with the text

of that document. To the extent a further response is required, Magnite denies the allegations in Paragraph 58.

B. *Magnite's SEC Filings*

59. Paragraph 59 contains Plaintiffs' characterizations of documents and legal conclusions to which no response is required. To the extent a further response is required, Magnite's SEC Filings speak for themselves, and Magnite denies all allegations and characterizations in Paragraph 59 to the extent that they are inconsistent with the text of those documents. To the extent a further response is required, Magnite denies the allegations in Paragraph 59.

C. *How Magnite Collects Web Browsing Data*

60. Magnite denies that it offers a "Rubicon Tracker." Magnite admits that, depending on the Digital Media Property visited, and what information a Digital Media Property chooses to share with Magnite, Magnite may receive certain pseudonymous information about visitors and their devices, including the categories of User Information described at https://www.magnite.com/legal/advertising-platform-privacy-policy/. Magnite affirmatively alleges that its Services use pseudonymous information from devices, webpages, or browsers, such as a cookie ID—not information that identifies a person by name or otherwise reveals their real-world identities. Except as expressly admitted, Magnite denies the allegations and conclusory characterizations in Paragraph 60.

61. Paragraph 61 contains a screenshot that appears to have been taken from healthline.com, which speaks for itself and requires no response. Magnite denies that the screenshot contained in Paragraph 61 "show[s] the information Magnite collects" from a visitor to healthline.com. Except as expressly admitted, Magnite denies the allegations in Paragraph 61.

62. The allegations in Paragraph 62 pertain to Plaintiffs' Second and Sixth Causes of Action, which have been dismissed. Magnite has insufficient knowledge

or information to admit or deny whether it received the information reflected in the screenshots in Paragraph 62, such that the allegations are denied. Fed. R. Civ. P. 8(b)(5). Magnite admits that, depending on the Digital Media Property visited, and what information a Digital Media Property chooses to share with Magnite, Magnite may receive certain pseudonymous information about visitors and their devices, including the categories of User Information described at https://www.magnite.com/legal/advertising-platform-privacy-policy/. Except as expressly admitted, Magnite denies the allegations in Paragraph 62.

63. The allegations in Paragraph 63 pertain to Plaintiffs' Second and Sixth Causes of Action, which have been dismissed. Magnite has insufficient knowledge or information to admit or deny whether it received the information reflected in the screenshot in Paragraph 63, such that the allegations are denied. Fed. R. Civ. P. 8(b)(5). Magnite admits that, depending on the Digital Media Property visited, and what information a Digital Media Property chooses to share with Magnite, Magnite may receive certain pseudonymous information about visitors and their devices, including the categories of User Information described at https://www.magnite.com/legal/advertising-platform-privacy-policy/. Except as expressly admitted, Magnite denies the allegations in Paragraph 63.

64. The allegations in Paragraph 64 pertain to Plaintiffs' Second and Sixth Causes of Action, which have been dismissed. Magnite has insufficient knowledge or information to admit or deny whether it received the information reflected in the screenshot in Paragraph 64, such that the allegations are denied. Fed. R. Civ. P. 8(b)(5). Magnite admits that, depending on the Digital Media Property visited, and what information a Digital Media Property chooses to share with Magnite, Magnite may receive certain pseudonymous information about visitors and their devices, including the categories of User Information described at https://www.magnite.com/legal/advertising-platform-privacy-policy/. Except as

expressly admitted, Magnite denies the allegations in Paragraph 64.

65. Paragraph 65 contains legal conclusions and a screenshot that appears to have been taken from drugs.com, which speaks for itself, and to which no response is required. Additionally, the allegations in Paragraph 65 pertain to Plaintiffs' Second and Sixth Causes of Action, which have been dismissed. To the extent a further response is required, Magnite admits that, depending on the Digital Media Property visited and what information a Digital Media Property chooses to share with Magnite, Magnite may receive certain pseudonymous information about visitors and their devices, including the categories of User Information described at https://www.magnite.com/legal/advertising-platform-privacy-policy/. Except as expressly admitted, Magnite denies the allegations and conclusory characterizations in Paragraph 65.

66. The allegations in Paragraph 66 pertain to Plaintiffs' Second and Sixth Causes of Action, which have been dismissed. Magnite has insufficient knowledge or information to admit or deny what the screenshot in Paragraph 66 shows, such that Plaintiffs' characterization of the screenshot is denied. Fed. R. Civ. P. 8(b)(5). Magnite admits that, depending on the Digital Media Property visited and what information a Digital Media Property chooses to share with Magnite, Magnite may receive certain pseudonymous information about visitors and their devices, including the categories of User Information described at https://www.magnite.com/legal/advertising-platform-privacy-policy/. Except as expressly admitted, Magnite denies the allegations in Paragraph 66.

67. Paragraph 67 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 67 pertain to Plaintiffs' Second and Sixth Causes of Action, which have been dismissed. To the extent a further response is required, Magnite admits that, depending on the Digital Media Property visited, and what information a Digital Media Property chooses to share with

Magnite, Magnite may receive certain pseudonymous information about visitors and their devices, including the categories of User Information described at https://www.magnite.com/legal/advertising-platform-privacy-policy/. Except as expressly admitted, Magnite denies the allegations in Paragraph 67.

68. Paragraph 68 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 68 pertain to Plaintiffs' Second and Sixth Causes of Action, which have been dismissed. To the extent a further response is required, Magnite denies that it offers a "Rubicon Tracker." Magnite admits that, depending on the Digital Media Property visited, and what information a Digital Media Property chooses to share with Magnite, Magnite may receive certain pseudonymous information about visitors and their devices, including the categories of User Information described at https://www.magnite.com/legal/advertising-platform-privacy-policy/. Except as expressly admitted, Magnite denies the allegations and conclusory characterizations in Paragraph 68.

69. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 69, such that they are denied. Fed. R. Civ. P. 8(b)(5).

70. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 70, such that they are denied. Fed. R. Civ. P. 8(b)(5).

71. Paragraph 71 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 71 pertain to Plaintiffs' Second and Sixth Causes of Action which have been dismissed. To the extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 71, such that they are denied. Fed. R. Civ. P. 8(b)(5).

72. Magnite denies that it offers a "Rubicon Tracker." Magnite admits that, depending on the Digital Media Property visited, and what information a Digital Media Property chooses to share with Magnite, Magnite may receive certain

pseudonymous information about visitors and their devices, including the categories of User Information described at https://www.magnite.com/legal/advertising-platform-privacy-policy/. Except as expressly admitted, Magnite denies the remaining allegations and conclusory characterizations in Paragraph 72.

73. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 73, such that they are denied. Fed. R. Civ. P. 8(b)(5).

74. Paragraph 74 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 74 pertain to Plaintiffs' Second and Sixth Causes of Action, which have been dismissed. To the extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 74, such that they are denied. Fed. R. Civ. P. 8(b)(5).

75. Paragraph 75 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 75 pertain to Plaintiffs' Second and Sixth Causes of Action which have been dismissed. To the extent a further response is required, Magnite denies that it offers a "Rubicon Tracker." Magnite admits that, depending on the Digital Media Property visited, and what information a Digital Media Property chooses to share with Magnite, Magnite may receive certain pseudonymous information about visitors and their devices, including the categories of User Information described at https://www.magnite.com/legal/advertising-platform-privacy-policy. Except as expressly admitted, Magnite denies the remaining allegations and conclusory characterizations in Paragraph 75.

76. Magnite denies that it offers a "Rubicon Tracker." Magnite admits that, depending on the Digital Media Property visited, and what information a Digital Media Property chooses to share with Magnite, Magnite may receive certain pseudonymous information about visitors and their devices, including the categories of User Information described at https://www.magnite.com/legal/advertising-

platform-privacy-policy/. Magnite affirmatively alleges that its Services use pseudonymous information from devices, webpages, or browsers, such as a cookie ID—not information that identifies a person by name or otherwise reveals their real-world identities. Magnite specifically denies that "any information that can be gleaned or inferred from URLs." Except as expressly admitted, Magnite denies the remaining allegations and conclusory characterizations in Paragraph 76.

77. Paragraph 77 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 77 pertain to Plaintiffs' Second and Sixth Causes of Action, which have been dismissed. To the extent a further response is required, Magnite denies that it offers a "Rubicon Tracker." Magnite admits that, depending on the Digital Media Property visited, and what information a Digital Media Property chooses to share with Magnite, Magnite may receive certain pseudonymous information about visitors and their devices, including the categories of User Information described at https://www.magnite.com/legal/advertising-platform-privacy-policy/. Magnite affirmatively alleges that its Services use pseudonymous information from devices, webpages, or browsers, such as a cookie ID—not information that identifies a person by name or otherwise reveals their real-world identities. Magnite specifically denies that it adds to profiles "intercept[ed]" "confidential communications." Except as expressly admitted, Magnite denies the allegations and conclusory characterizations in Paragraph 77.

78. Magnite admits that, depending on the Digital Media Property visited, and what information a Digital Media Property chooses to share with Magnite, Magnite may receive certain pseudonymous information about visitors and their devices, including the categories of User Information described at https://www.magnite.com/legal/advertising-platform-privacy-policy/. Magnite affirmatively alleges that its Services use pseudonymous information from devices, webpages, or browsers, such as a cookie ID—not information that identifies a person

by name or otherwise reveals their real-world identities. Magnite specifically denies it "build[s] a complete user online fingerprinting, which is used to uniquely identify users." Except as expressly admitted, Magnite denies the allegations and conclusory characterizations in Paragraph 78.

D. *How Magnite Collects User Mobile App Usage Data*

79. Magnite denies that it offers a "Rubicon Tracker." Magnite admits that, depending on the Digital Media Property visited, and what information a Digital Media Property chooses to share with Magnite, Magnite may receive certain pseudonymous information about visitors and their devices, including the categories of User Information described at https://www.magnite.com/legal/advertising-platform-privacy-policy/. Magnite affirmatively alleges that its Services use pseudonymous information from devices, webpages, or browsers, such as a cookie ID—not information that identifies a person by name or otherwise reveals their real-world identities. Except as expressly admitted, Magnite denies the remaining allegations and conclusory characterizations in Paragraph 79.

80. Paragraph 80 contains legal conclusions and a screenshot that appears to have been taken from the NBA app, which speaks for itself, to which no response is required. To the extent a further response is required, Magnite admits that, depending on the Digital Media Property visited, and what information a Digital Media Property chooses to share with Magnite, Magnite may receive certain pseudonymous information about visitors and their devices, including the categories of User Information described at https://www.magnite.com/legal/advertising-platform-privacy-policy/. Magnite affirmatively alleges that it does not generally use "cookies" in the mobile application context, although cookies may be used when a mobile application includes an embedded browser. Except as expressly admitted, Magnite denies the allegations in Paragraph 80.

81. Paragraph 81 contains a screenshot that appears to have been taken from

the NBA app, which speaks for itself and requires no response. To extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 81, such that they are denied. Fed. R. Civ. P. 8(b)(5).

82. Paragraph 82 contains legal conclusions to which no response is required, and Magnite's Advertising Privacy Policy referenced in Paragraph 82 speaks for itself and requires no response. Magnite's Advertising Platform Privacy Policy speaks for itself, and Magnite denies all allegations and characterizations in Paragraph 82 to the extent that they are inconsistent with the text of those documents. To the extent a further response is required, Magnite denies the allegations in Paragraph 82.

83. Paragraph 83 contains legal conclusions and a screenshot that appears to have been taken from the CNN mobile app, which speaks for itself, to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 83.

84. Paragraph 84 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 84, such that they are denied. Fed. R. Civ. P. 8(b)(5).

## IV. <u>Magnite's Monetization of User Data</u>

85. Magnite denies that it offers a "Rubicon Tracker." Magnite admits that it is a for-profit company, and that it supports the online advertising industry by helping publishers sell space that displays ads alongside their digital content on websites and in mobile applications and deliver relevant ads to digital content viewers. Magnite's SEC filings speak for themselves, and Magnite denies all allegations and characterizations in Paragraph 85 to the extent that they are inconsistent with the text of those documents. Magnite lacks information sufficient

to form a belief about the truth of the allegations in Paragraph 85 concerning the size or motives of third parties, such that they are denied. Fed. R. Civ. P. 8(b)(5). Except as expressly admitted, Magnite denies the allegations and conclusory characterizations in Paragraph 85.

86. Magnite admits that it is a for-profit company, and that it supports the online advertising industry by helping publishers sell space that displays ads alongside their digital content on websites and in mobile applications and deliver relevant ads to digital content viewers. Magnite affirmatively alleges that its Services use pseudonymous information from devices, webpages, or browsers, such as a cookie ID—not information that identifies a person by name or otherwise reveals their real-world identities. Except as expressly admitted, Magnite denies the allegations and conclusory characterizations in Paragraph 86.

87. Magnite admits that Magnite Access provides customers with the infrastructure to upload and maintain data segments. Except as expressly admitted, Magnite denies the allegations and conclusory characterizations in Paragraph 87.

88. Magnite admits that its Services include "Magnite Audiences." Magnite's webpages, including the webpage quoted in Paragraph 88, speak for themselves, and Magnite denies all allegations and characterizations in Paragraph 88 to the extent that they are inconsistent with the text of such webpages. Except as expressly admitted, Magnite denies the allegations in Paragraph 88.

89. Magnite admits that Magnite incorporates artificial intelligence into some of its Services. Magnite lacks information sufficient to form a belief regarding the truth of allegations regarding what it theoretically could or could not do if it were to collect more data than it does, such that they are denied. Fed. R. Civ. P. 8(b)(5). Except as expressly admitted, Magnite denies the remaining allegations in Paragraph 89.

90. Magnite admits that its Services include "ClearLine." Magnite's

webpages, including the webpage quoted in Paragraph 90, speak for themselves, and Magnite denies all allegations and characterizations in Paragraph 90 to the extent that they are inconsistent with the text of such webpages. Except as expressly admitted, Magnite denies the allegations in Paragraph 90.

91. Magnite lacks information sufficient to form a belief regarding how Attain organizes data or what advertisers are able or unable to do, such that it is denied. Fed. R. Civ. P. 8(b)(5). Magnite specifically denies that Magnite partners with Attain for the purpose of targeting consumers. To the extent a further response is required, Magnite denies the allegations in Paragraph 91.

92. Magnite admits that its Services include "Magnite Access," "Magnite Audiences," and "ClearLine" which Magnite provides to paying clients. Magnite admits that, depending on the Digital Media Property visited, and what information a Digital Media Property chooses to share with Magnite, Magnite may receive certain pseudonymous information about visitors and their devices, including the categories of User Information described at https://www.magnite.com/legal/advertising-platform-privacy-policy/, including IP addresses. Magnite affirmatively alleges that its Services use pseudonymous information from devices, webpages, or browsers, such as a cookie ID—not information that identifies a person by name or otherwise reveals their real-world identities. Except as expressly admitted, Magnite denies the allegations and conclusory characterizations in Paragraph 92.

93. Magnite denies that it offers a "Rubicon Tracker." To the extent a further response is required, Magnite denies the remaining allegations and conclusory characterizations in Paragraph 93.

94. Magnite denies that it offers a "Rubicon Tracker." Magnite admits that, depending on the Digital Media Property visited, and what information a Digital Media Property chooses to share with Magnite, Magnite may receive certain pseudonymous information about visitors and their devices, including the categories

of User Information described at https://www.magnite.com/legal/advertising-platform-privacy-policy/, including IP addresses. Magnite admits that multiple Digital Media Properties use Magnite's Services. Magnite affirmatively alleges that its Services use pseudonymous information from devices, webpages, or browsers, such as a cookie ID—not information that identifies a person by name or otherwise reveals their real-world identities. Except as expressly admitted, Magnite denies the remaining allegations and conclusory characterizations in Paragraph 94.

95. Paragraph 95 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies that it offers a "Rubicon Tracker." Magnite affirmatively alleges that its Services use pseudonymous information from devices, webpages, or browsers, such as a cookie ID—not information that identifies a person by name or otherwise reveals their real-world identities. Magnite denies the remaining allegations and conclusory characterizations in Paragraph 95.

96. Paragraph 96 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite affirmatively alleges that its Services use pseudonymous information from devices, webpages, or browsers, such as a cookie ID—not information that identifies a person by name or otherwise reveals their real-world identities. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 96 concerning the motives of third parties, such that they are denied. Fed. R. Civ. P. 8(b)(5). To the extent a further response is required, Magnite denies the remaining allegations and conclusory characterizations in Paragraph 96.

97. Magnite's SEC filings speak for themselves, and Magnite denies all allegations and characterizations in Paragraph 97 to the extent that they are inconsistent with the text of those documents. To the extent a further response is required, Magnite denies the allegations and conclusory characterizations in

Paragraph 97.

98. Magnite's SEC filings speak for themselves, and Magnite denies all allegations and characterizations in Paragraph 98 to the extent that they are inconsistent with the text of those documents. Magnite affirmatively alleges that its Services use pseudonymous information from devices, webpages, or browsers, such as a cookie ID—not information that identifies a person by name or otherwise reveals their real-world identities. To the extent a further response is required, Magnite denies the allegations and conclusory characterizations in Paragraph 98.

**V. <u>Magnite Obtains Consumers' Data Without Consent</u>**

99. Magnite denies that it offers a "Rubicon Tracker." Magnite admits that it has an Advertising Platform Privacy Policy, which speaks for itself, and Magnite denies all allegations and characterizations in Paragraph 99 to the extent that they are inconsistent with the text of that document. Except as expressly admitted, Magnite denies the remaining allegations in Paragraph 99.

100. Magnite denies that it offers a "Rubicon Tracker." Magnite denies that its Advertising Platform Policy is "invisible" and affirmatively alleges that its Advertising Platform Privacy Policy and other disclosures are publicly available, easily accessible, and often linked in third-party privacy policies, cookie statements, and similar materials. To the extent a further response is required, Magnite denies the remaining allegations and conclusory characterizations in Paragraph 100.

101. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 101, such that they are denied. Fed. R. Civ. P. 8(b)(5). To the extent a further response is required, Magnite affirmatively alleges that its Advertising Platform Privacy Policy and other disclosures are publicly available, easily accessible, and often linked in third-party privacy policies, cookie statements, and similar materials. To the extent a further response is required, Magnite denies the allegations and conclusory characterizations in Paragraph 101.

102. Paragraph 102 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 102, such that they are denied. Fed. R. Civ. P. 8(b)(5). Magnite affirmatively alleges that its Advertising Platform Privacy Policy and other disclosures are publicly available, easily accessible, and often linked in third-party privacy policies, cookie statements, and similar materials. Magnite further alleges that depending on the Digital Media Property visited and what information a Digital Media Property chooses to share with Magnite, Magnite may receive certain pseudonymous information about visitors and their devices, including the categories of User Information described at https://www.magnite.com/legal/advertising-platform-privacy-policy/. Magnite affirmatively alleges that its Services use pseudonymous information from devices, webpages, or browsers, such as a cookie ID—not information that identifies a person by name or otherwise reveals their real-world identities. Magnite admits that it supports the online advertising industry by helping publishers sell space that displays ads alongside their digital content on websites and in mobile applications and deliver relevant ads to digital content viewers. Except as expressly admitted, Magnite denies the allegations and conclusory characterizations in Paragraph 102.

103. Paragraph 103 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 103.

104. Paragraph 104 contains legal conclusions to which no response is required. Magnite denies that it offers a "Rubicon Tracker." To the extent a further response is required, Magnite denies the remaining allegations in Paragraph 104.

## VI. <u>Facts Specific to Plaintiffs</u>

105. Magnite denies that it offers a "Rubicon Tracker." Magnite lacks information sufficient to form a belief about the truth of the remaining allegations in

Paragraph 105, such that they are denied. Fed. R. Civ. P. 8(b)(5).

106. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 106, such that they are denied. Fed. R. Civ. P. 8(b)(5).

107. Paragraph 107 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 107 pertain to Plaintiffs' Second and Sixth Causes of Action, which have been dismissed. To the extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 107, such that they are denied. Fed. R. Civ. P. 8(b)(5).

108. Paragraph 108 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 108, such that they are denied. Fed. R. Civ. P. 8(b)(5).

109. Paragraph 109 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 109, such that they are denied. Fed. R. Civ. P. 8(b)(5).

110. Paragraph 110 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 110 pertain to Plaintiffs' Second and Sixth Causes of Action, which have been dismissed. To the extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 110, such that they are denied. Fed. R. Civ. P. 8(b)(5).

111. Magnite denies that it offers a "Rubicon Tracker." Magnite lacks information sufficient to form a belief about the truth of the remaining allegations in Paragraph 111, such that they are denied. Fed. R. Civ. P. 8(b)(5).

112. Magnite lacks information sufficient to form a belief about the truth of

the allegations in Paragraph 112, such that they are denied. Fed. R. Civ. P. 8(b)(5).

113. Paragraph 113 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 113 pertain to Plaintiffs' Second and Sixth Causes of Action, which have been dismissed. To the extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 113, such that they are denied. Fed. R. Civ. P. 8(b)(5).

114. Paragraph 114 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 114, such that they are denied. Fed. R. Civ. P. 8(b)(5).

115. Paragraph 115 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 115, such that they are denied. Fed. R. Civ. P. 8(b)(5).

116. Paragraph 116 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 116 pertain to Plaintiffs' Second and Sixth Causes of Action, which have been dismissed. To the extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 116, such that they are denied. Fed. R. Civ. P. 8(b)(5).

117. Magnite denies that it offers a "Rubicon Tracker." Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 117, such that they are denied. Fed. R. Civ. P. 8(b)(5).

118. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 118, such that they are denied. Fed. R. Civ. P. 8(b)(5).

119. Paragraph 119 contains legal conclusions to which no response is

required. Additionally, the allegations in Paragraph 119 pertain to Plaintiffs' Second and Sixth Causes of Action, which have been dismissed. To the extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 119, such that they are denied. Fed. R. Civ. P. 8(b)(5).

120. Paragraph 120 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 120, such that they are denied. Fed. R. Civ. P. 8(b)(5).

121. Paragraph 121 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 121, such that they are denied. Fed. R. Civ. P. 8(b)(5).

122. Paragraph 122 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 122 pertain to Plaintiffs' Second and Sixth Causes of Action which have been dismissed. To the extent a further response is required, Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 122, such that they are denied. Fed. R. Civ. P. 8(b)(5).

## VII. Class Allegations

123. Magnite admits that Plaintiffs seek to bring this action individually and on behalf of a nationwide class of all other similarly situated individuals, as defined in Paragraph 123. Magnite denies that any putative class is amenable to class certification or that Plaintiffs can satisfy the requirements of Federal Rules of Civil Procedure 23. Except as expressly admitted, Magnite denies the allegations and conclusory characterizations in Paragraph 123.

124. Magnite admits that Plaintiffs seek to bring this action individually and

on behalf of a California subclass of all other similarly situated individuals, as defined in Paragraph 124. Magnite denies that any putative class is amenable to class certification or that Plaintiffs can satisfy the requirements of Federal Rules of Civil Procedure 23. Except as expressly admitted, Magnite denies the allegations and conclusory characterizations in Paragraph 124.

125. Paragraph 125 contains Plaintiffs' proposed nomenclature for referring to the putative classes, to which no response is required. To the extent a further response is required, Magnite denies that any putative class is amenable to class certification or that Plaintiffs can satisfy the requirements of Federal Rules of Civil Procedure 23. To the extent a further response is required, Magnite denies the allegations in Paragraph 125.

126. Magnite admits that Plaintiffs seek to bring this action individually and on behalf of a nationwide class and California subclass of all other similarly situated individuals, as defined in Paragraphs 123 and 124, and that Plaintiffs seek to exclude from these classes the individuals listed in Paragraph 126. Magnite denies that any putative class is amenable to class certification or that Plaintiffs can satisfy the requirements of Federal Rules of Civil Procedure 23. Except as expressly admitted, Magnite denies the allegations in Paragraph 126.

127. Paragraph 127 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies that it offers a "Rubicon Tracker." Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 127, such that they are denied. Fed. R. Civ. P. 8(b)(5).

128. Paragraph 128 contains legal conclusions to which no response is required. Additionally, the allegations in Paragraph 128 pertain to Plaintiffs' Second and Sixth Causes of Action, which have been dismissed. To the extent a further response is required, Magnite denies that it offers a "Rubicon Tracker." Magnite

denies the allegations in Paragraph 128.

129. Paragraph 129 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 129.

130. Magnite lacks information sufficient to form a belief about the truth of the allegations in Paragraph 130, such that they are denied. Fed. R. Civ. P. 8(b)(5). Paragraph 130 also contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 130.

131. Paragraph 131 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 131.

## CAUSES OF ACTION

### First Cause of Action: Intrusion Upon Seclusion

132. Magnite repeats and incorporates by reference its responses to each preceding paragraph as if fully stated herein. To the extent a further response is required, Magnite denies the allegations in Paragraph 132.

133. Magnite admits that Plaintiffs seek to bring this claim individually and on behalf of a nationwide class and California subclass of all other similarly situated individuals. Magnite denies that any putative class is amenable to class certification or that Plaintiffs can satisfy the requirements of Federal Rules of Civil Procedure 23. Except as expressly admitted, Magnite denies the allegations in Paragraph 133.

134. Magnite admits that Plaintiffs seek to bring this claim under California law. Except as expressly admitted, Magnite denies the allegations in Paragraph 134.

135. Paragraph 135 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 135.

136. Paragraph 136 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 136.

137. Paragraph 137 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 137.

138. Paragraph 138 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 138.

139. Paragraph 139 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 139.

140. Paragraph 140 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 140.

141. Paragraph 141 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 141.

142. Paragraph 142 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 142.

143. Magnite admits that Plaintiffs seek to bring this claim individually and on behalf of a nationwide class and California subclass of all other similarly situated individuals, and that Plaintiffs seek the relief described in Paragraph 143. Magnite denies that any putative class is amenable to class certification or that Plaintiffs can satisfy the requirements of Federal Rules of Civil Procedure 23 or that Plaintiffs or other putative class members are entitled to any relief whatsoever. Except as

expressly admitted, Magnite denies the allegations in Paragraph 143.

**Second Cause of Action: Violation of the California Invasion of Privacy Act California Penal Code § 631[1]**

144. Magnite repeats and incorporates by reference its responses to each preceding paragraph as if fully stated herein. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 144.

145. Magnite admits that Plaintiffs seek to bring this claim individually and on behalf of a nationwide class and California subclass of all other similarly situated individuals. Magnite denies that any putative class is amenable to class certification or that Plaintiffs can satisfy the requirements of Federal Rules of Civil Procedure 23. Additionally, Plaintiffs' Second Cause of Action has been dismissed. Except as expressly admitted, Magnite denies the allegations in Paragraph 145.

146. Paragraph 146 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Magnite denies that it offers a "Rubicon Tracker." Magnite denies the allegations in Paragraph 146.

147. Paragraph 147 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Magnite denies that it offers a "Rubicon Tracker." Magnite denies the allegations in Paragraph 147.

148. Paragraph 148 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Magnite denies that it offers a "Rubicon

[1] Plaintiffs recognize that the Court dismissed this Count from Plaintiffs' Consolidated Amended Complaint. Plaintiffs reallege it here for the sole purpose of preserving their appellate rights.

Tracker." Magnite denies the allegations in Paragraph 148.

149. Paragraph 149 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 149.

150. Paragraph 150 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 150.

151. Paragraph 151 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 151.

152. Paragraph 152 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 152.

153. Paragraph 153 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 153.

**Third Cause of Action: Violation of California Invasion of Privacy Act**
**California Penal Code § 638.51**

154. Magnite repeats and incorporates by reference its responses to each preceding paragraph as if fully stated herein. To the extent a further response is required, Magnite denies the allegations in Paragraph 154.

155. Magnite admits that Plaintiffs seek to bring this claim individually and

on behalf of a California subclass of all other similarly situated individuals. Magnite denies that any putative class is amenable to class certification or that Plaintiffs can satisfy the requirements of Federal Rules of Civil Procedure 23. Except as expressly admitted, Magnite denies the allegations in Paragraph 155.

156. Paragraph 156 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 156.

157. Paragraph 157 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 157.

158. Paragraph 158 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies that it offers a "Rubicon Tracker." Magnite denies the remaining allegations in Paragraph 158.

159. Paragraph 159 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies that it offers a "Rubicon Tracker." Magnite denies the remaining allegations in Paragraph 159.

160. Paragraph 160 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies that it offers a "Rubicon Tracker." Magnite denies the remaining allegations in Paragraph 160.

161. Paragraph 161 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies that it offers a "Rubicon Tracker." Magnite denies the remaining allegations in Paragraph 161.

162. Paragraph 162 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies that it offers a "Rubicon Tracker." Magnite denies the remaining allegations in Paragraph 162.

163. Magnite admits that Plaintiffs seek to bring this claim individually and on behalf of a California subclass of all other similarly situated individuals, and that

Plaintiffs seek the relief described in Paragraph 163. Magnite denies that any putative class is amenable to class certification or that Plaintiffs can satisfy the requirements of Federal Rules of Civil Procedure 23 or that Plaintiffs or other putative class members are entitled to any relief whatsoever. Except as expressly admitted, Magnite denies the allegations in Paragraph 163.

164. Paragraph 164 contains legal conclusions to which no response is required. Magnite denies that any putative class is amenable to class certification or that Plaintiffs can satisfy the requirements of Federal Rules of Civil Procedure 23 or that Plaintiffs or other putative class members are entitled to any relief whatsoever. To the extent a further response is required, Magnite denies the allegations in Paragraph 164.

**Fourth Cause of Action: Invasion of Privacy**

**Violation of Art. I, § 1, California Constitution**

165. Magnite repeats and incorporates by reference its responses to each preceding paragraph as if fully stated herein. To the extent a further response is required, Magnite denies the allegations in Paragraph 165.

166. Magnite admits that Plaintiffs seek to bring this claim individually and on behalf of a California subclass of all other similarly situated individuals. Magnite denies that any putative class is amenable to class certification or that Plaintiffs can satisfy the requirements of Federal Rules of Civil Procedure 23. Except as expressly admitted, Magnite denies the allegations in Paragraph 166.

167. Paragraph 167 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 167.

168. Paragraph 168 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies that it offers a "Rubicon Tracker." Magnite denies the remaining allegations in Paragraph 168.

169. Paragraph 169 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 169.

170. Paragraph 170 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 170.

171. Paragraph 171 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 171.

172. Paragraph 172 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 172.

173. Magnite admits that Plaintiffs seek to bring this claim individually and on behalf of a California subclass of all other similarly situated individuals, and that Plaintiffs seek the relief described in Paragraph 173. Magnite denies that any putative class is amenable to class certification or that Plaintiffs can satisfy the requirements of Federal Rules of Civil Procedure 23 or that Plaintiffs or other putative class members are entitled to any relief whatsoever. Except as expressly admitted, Magnite denies the allegations in Paragraph 173.

174. Magnite admits that Plaintiffs seek to bring this claim individually and on behalf of a California subclass of all other similarly situated individuals, and that Plaintiffs seek the relief described in Paragraph 174. Magnite denies that any putative class is amenable to class certification or that Plaintiffs can satisfy the requirements of Federal Rules of Civil Procedure 23 or that Plaintiffs or other putative class members are entitled to any relief whatsoever. Except as expressly admitted, Magnite denies the allegations in Paragraph 174.

**Fifth Cause of Action: Unjust Enrichment**

175. Magnite repeats and incorporates by reference its responses to each preceding paragraph as if fully stated herein. To the extent a further response is required, Magnite denies the allegations in Paragraph 175.

176. Magnite admits that Plaintiffs seek to bring this claim individually and on behalf of a nationwide class and California subclass of all other similarly situated individuals. Magnite denies that any putative class is amenable to class certification or that Plaintiffs can satisfy the requirements of Federal Rules of Civil Procedure 23. Except as expressly admitted, Magnite denies the allegations in Paragraph 176.

177. Magnite admits that Plaintiffs seek to bring this claim under California law. Except as expressly admitted, Magnite denies the allegations in Paragraph 177.

178. Paragraph 178 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 178.

179. Paragraph 179 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 179.

180. Paragraph 180 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 180.

181. Paragraph 181 contains legal conclusions to which no response is required. To the extent a further response is required, Magnite denies the allegations in Paragraph 181.

182. Magnite admits that Plaintiffs seek to bring this claim individually and on behalf of a nationwide class and California subclass of all other similarly situated individuals, and that Plaintiffs seek the relief described in Paragraph 182. Magnite denies that any putative class is amenable to class certification or that Plaintiffs can

satisfy the requirements of Federal Rules of Civil Procedure 23 or that Plaintiffs or other putative class members are entitled to any relief whatsoever. Except as expressly admitted, Magnite denies the allegations in Paragraph 182.

**Sixth Cause of Action: Violation of the Electronic Communications Privacy Act 18 U.S.C. § 2511(1), *et seq.*[2]**

183. Magnite repeats and incorporates by reference its responses to each preceding paragraph as if fully stated herein. To the extent a further response is required, Magnite denies the allegations in Paragraph 183.

184. Paragraph 184 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 184.

185. Paragraph 185 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 185.

186. Paragraph 186 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 186.

187. Paragraph 187 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 187.

188. Paragraph 188 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 188.

189. Paragraph 189 contains legal conclusions to which no response is

---

[2] Plaintiffs recognize that the Court dismissed this Count from Plaintiffs' Consolidated Amended Complaint. Plaintiffs reallege it here for the sole purpose of preserving their appellate rights.

required. Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 189.

190. Paragraph 190 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 190.

191. Paragraph 191 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 191.

192. Paragraph 192 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 192.

193. Paragraph 193 contains legal conclusions to which no response is required. Magnite denies that it offers a "Rubicon Tracker." Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 193.

194. Paragraph 194 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 194.

195. Paragraph 195 contains legal conclusions to which no response is required. Magnite denies that it offers a "Rubicon Tracker." Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 195.

196. Paragraph 196 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 196.

197. Paragraph 197 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. To the

extent a further response is required, Magnite denies the allegations in Paragraph 197.

198. Paragraph 198 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 198.

199. Paragraph 199 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 199.

200. Paragraph 200 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 200.

201. Paragraph 201 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 201.

202. Paragraph 202 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. To the extent a further response is required, Magnite denies the allegations in Paragraph 202.

203. Magnite admits that Plaintiffs seek to bring this claim individually and on behalf of a nationwide class and California subclass of all other similarly situated individuals, and that Plaintiffs seek the relief described in Paragraph 203. Magnite denies that any putative class is amenable to class certification or that Plaintiffs can satisfy the requirements of Federal Rules of Civil Procedure 23 or that Plaintiffs or other putative class members are entitled to any relief whatsoever. Additionally, Plaintiffs' Sixth Cause of Action has been dismissed. Except as expressly admitted, Magnite denies the allegations in Paragraph 203.

**PRAYER FOR RELIEF**

Answering the prayer for relief, including paragraphs a-k, and to the extent a response is required, Magnite denies that Plaintiffs are entitled to any of the relief in

law, equity, or otherwise, whether individually or on behalf of any allegedly similarly situated individuals. Further, Magnite denies that class certification is proper and denies that Plaintiffs or the putative class they seek to represent are entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

Magnite demands a jury trial of all matters so triable.

## AFFIRMATIVE DEFENSES[3]

Without admitting any of the allegations of the SAC and without admitting or acknowledging that Magnite bears any burden of proof as to any of them, Magnite asserts the following affirmative defenses. Magnite intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action, and Magnite hereby reserves the right to amend this Answer to assert any such further defenses.

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

The SAC and the claims alleged therein are barred, in whole or in part, for failure to state facts sufficient to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### Consent

Upon information and belief, Plaintiffs' claims are barred in whole or in part because Plaintiffs consented to Magnite's receipt of some or all of the information that forms the basis for their claims. For example, Plaintiffs expressly or impliedly consented to websites' privacy policies and/or continued to use those websites with actual or constructive notice that the alleged conduct was occurring. Upon information and belief, Plaintiffs also never took action to prevent the alleged

[3] "Plaintiffs" referred to throughout the Affirmative Defenses in this Answer encompass both named and Putative Class Members.

conduct, which they could have done through user requests, browser settings, or similar measures.

**THIRD AFFIRMATIVE DEFENSE**

**Authorization**

The SAC and the claims alleged therein are barred, in whole or in part, because Magnite's alleged conduct was authorized by the websites and apps at issue.

**FOURTH AFFIRMATIVE DEFENSE**

**No Causation**

The SAC and the claims alleged therein are barred because the conduct of Magnite upon which Plaintiffs base their claims was not the actual or proximate cause of any loss, damage or injury suffered by Plaintiffs.

**FIFTH AFFIRMATIVE DEFENSE**

**Dormant Commerce Clause**

The SAC and the claims alleged therein are barred, in whole or in part, by the dormant Commerce Clause of the United States Constitution. Magnite is headquartered in New York and incorporated in Delaware, and many of Magnite's customers are located outside of California. As interpreted by Plaintiffs, the California laws invoked by Plaintiffs would unconstitutionally burden interstate commerce and have the practical effect of impermissibly regulating conduct occurring wholly outside of California.

**SIXTH AFFIRMATIVE DEFENSE**

**First Amendment**

The SAC and the claims alleged therein are barred, in whole or in part, by the First Amendment to the United States Constitution and similar provisions of state constitutions including Article I, Section 2 of the California Constitution, which protect the creation and dissemination of information. *See, e.g.*, *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 570 (2011).

**SEVENTH AFFIRMATIVE DEFENSE**

**Extraterritoriality**

The SAC's state law claims are barred, in whole or in part, because California law does not apply to persons who do not reside in California and/or to conduct occurring outside California.

**EIGHTH AFFIRMATIVE DEFENSE**

**Good Faith**

The SAC and the claims alleged therein are barred, in whole or in part, by Magnite's good faith and reasonable interpretation of federal and California law. Any alleged violation was not negligent, intentional, or reckless.

**NINTH AFFIRMATIVE DEFENSE**

**Unjust Enrichment**

The SAC and the claims alleged therein are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages, restitution, or other relief sought in the SAC.

**TENTH AFFIRMATIVE DEFENSE**

**Failure to Mitigate**

The SAC and the claims alleged therein are barred, in whole or in part, by Plaintiffs' failure to mitigate their alleged damages. Upon information and belief, Plaintiffs never took action to prevent the alleged conduct, which they could have done through user requests, browser settings, or similar measures.

**ELEVENTH AFFIRMATIVE DEFENSE**

**Adequate Remedy at Law**

The SAC's claims for equitable relief fail because they have an adequate remedy at law.

**TWELFTH AFFIRMATIVE DEFENSE**

**Estoppel and Waiver**

The SAC and the claims alleged therein are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**No Restitution**

The SAC and the claims alleged therein are barred, in whole or in part, because Plaintiffs seek restitutionary remedies from a party to whom Plaintiffs made no payment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**Ratification and Acquiescence**

The SAC and the claims alleged therein are barred, in whole or in part, by the doctrines of ratification and acquiescence.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**Statute of Limitations**

The SAC and the claims alleged therein are barred, in whole or in part, by the applicable statutes of limitations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**Article III Standing**

The SAC and the claims alleged therein may be barred, in whole or in part, under Article III of the United States Constitution. The SAC alleges that Plaintiffs lost money as the result of the alleged actions of Magnite. If this proves not to be the case, then Plaintiffs have not suffered an injury-in-fact sufficient to confer Article III standing. Similarly, while the SAC alleges that Plaintiffs suffered privacy harm, discovery may show that Plaintiffs also have not suffered such harm, either.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**No Cognizable Injury**

The SAC and the claims alleged therein are barred, in whole or in part, because Plaintiffs have not sustained any cognizable injury or damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**Laches**

The SAC and the claims alleged therein are barred, in whole or in part, by the doctrines of laches to the extent Plaintiffs unreasonably delayed seeking to vindicate their purported rights.

**NINETEENTH AFFIRMATIVE DEFENSE**

**Terms of the CCPA**

The SAC and the claims alleged therein are barred, in whole or in part, under the CCPA, Cal. Civ. Code § 1798.100, et seq., which does not permit private litigants to base a claim on an alleged violation of the CCPA, and which authorizes the opt-out consent model with which Magnite complies.

**TWENTIETH AFFIRMATIVE DEFENSE**

**No Class Action**

Plaintiffs' action cannot be maintained as a class action because the requirements of Federal Rules of Civil Procedure 23 are not satisfied.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

**Due Process**

The SAC and the claims alleged therein are barred, in whole or in part, by the Due Process Clause of the United States Constitution because the disparity between the injury and damage actually suffered by Plaintiffs, on one hand, and the relief that they seek, on the other hand, is so grossly excessive and disproportionate as to constitute a violation of Magnite's due process rights.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

**Eighth Amendment**

The SAC and the claims alleged therein are barred, in whole or in part, by the Eighth Amendment of the United States Constitution, which prohibits excessive fines and cruel and unusual punishment, because Plaintiffs seek grossly excessive relief.

**TWENTY THIRD AFFIRMATIVE DEFENSE**

**Acts of Third Parties**

All or part of the damages alleged in the SAC, if any, were caused by the acts or omissions of other persons or entities for whose conduct Magnite is not legally responsible including, for example, any operators of third-party websites or mobile apps that failed to include proper disclosures in their privacy policies, terms of use, or similar materials and/or obtain any legally required consent from their users.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

**Assumption of Risk**

The SAC and the claims alleged therein are barred, in whole or in part, by the doctrine of primary assumption of risk. Upon information and belief, Plaintiffs approved and participated in the conduct of which they now complain. Plaintiffs' conduct indicates that they implicitly consented to encounter an inherent and known risk. As such, Plaintiffs excused Magnite from any legal duty it may have had in connection with the conduct alleged in the SAC.

**TWENTY FIFTH AFFIRMATIVE DEFENSE**

**No Privacy Interest**

The SAC and the claims alleged therein are barred, in whole or in part, because Plaintiffs do not maintain a legally protected privacy interest over the data Plaintiffs allege to have been impermissibly received by Magnite.

**TWENTY SIXTH AFFIRMATIVE DEFENSE**

**No Serious Invasion of Privacy**

The SAC's claims under the California Constitution, Article I § 1 and the California common law right against intrusion upon seclusion, are barred, in whole or in part, because Magnite's alleged conduct is not a serious or highly offensive invasion of privacy, and any invasion of privacy was justified because it substantially furthered countervailing interests.

**TWENTY SEVENTH AFFIRMATIVE DEFENSE**

**Party to Communication**

The SAC's claims under California Penal Code §§ 631, et seq., are barred, in whole or in part, because Magnite was a party to the communications alleged by Plaintiffs.

**TWENTY EIGHTH AFFIRMATIVE DEFENSE**

**License**

The SAC and the claims alleged therein are barred, in whole or in part, because Magnite had an implied or express license to utilize the information at issue in the SAC.

**TWENTY NINTH AFFIRMATIVE DEFENSE**

**Barred by Contract**

The SAC and the claims alleged therein are barred, in whole or in part, by contracts and/or agreements entered into with the subject websites. When plaintiffs use the websites alleged in their SAC, they agreed to privacy policies, terms of service, and other agreements which, for example, may contain limitation-of liability provisions applicable in this case.

**THIRTIETH AFFIRMATIVE DEFENSE**

**Mistake**

The SAC and the claims alleged therein are barred, in whole or in part, on the grounds that Magnite reasonably relied on facts that may later prove to be false and/or made a bona fide error despite using reasonable procedures to avoid any such error. For example, Magnite requires third parties who use its Services to, among other things, follow all applicable laws, regulations, and industry guidelines while using its Services. Magnite reasonably relied on third parties to abide by these requirements.

**THIRTY FIRST AFFIRMATIVE DEFENSE**

**Justification**

The SAC and the claims alleged therein are barred, in whole or in part, because, to the extent Magnite engaged in any of the alleged conduct, Magnite was justified in doing so. Services like Magnite's support free access to ad-support content that users otherwise would have needed to pay for to access.

**THIRTY SECOND AFFIRMATIVE DEFENSE**

**Damages not Appropriate**

The SAC and the claims alleged therein are barred, in whole or in part, because statutory damages are not appropriate in the circumstances alleged in the SAC. Even if the jury finds liability, the Court will have discretion to decline to award statutory damages.

**THIRTY THIRD AFFIRMATIVE DEFENSE**

**Derivative Unjust Enrichment Claim**

The SAC and the claims alleged therein are barred, in whole or in part, to the extent they seek relief based on principles of unjust enrichment. Any claim of unjust enrichment is entirely derivative of Plaintiffs' other, legally deficient claims.

**THIRTY FOURTH AFFIRMATIVE DEFENSE**

**No Pen Register**

Plaintiffs' "pen register" claim is barred because Magnite's technology is not a "pen register" under the meaning of CIPA, Cal. Penal Code § 638.51(a). To construe the term to include commercial software tools used for ad delivery would be contrary to the statutory text and legislature's intended purpose and would produce absurd results.

**THIRTY FIFTH AFFIRMATIVE DEFENSE**

**Permissible Use of Pen Register**

To the extent any of Magnite's technology is deemed to be a "pen register" under the meaning of CIPA, Cal. Penal Code § 638.51(a), Plaintiffs' "pen register" claim is nonetheless barred because Magnite's use complied with applicable law due

to consent or authorization or other applicable exception.

**THIRTY SIXTH AFFIRMATIVE DEFENSE**

**Communications Decency Act, 47 U.S.C. § 230**

Plaintiffs' claims are barred in whole or in part by Section 230 of the Communications Decency Act. Section 230 immunity applies if (1) the defendant is a provider of an "interactive computer service," and (2) the claim seeks to hold the defendant liable as a "publisher or speaker" of (3) content provided by someone else. *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1097 (9th Cir. 2019). Magnite is a provider of an interactive computer service to the extent it provides or enables computer access by multiple users to a computer server. To the extent that Plaintiffs seek to hold Magnite liable as the publisher or speaker of information provided by third parties, such as descriptions provided by a customer, their claims are barred by the Communication Decency Act.

**THIRTY SEVENTH AFFIRMATIVE DEFENSE**

**Unclean Hands**

The SAC and the claims alleged therein are barred, in whole or in part, by the doctrine of unclean hands.

Dated: January 30, 2026

**PERKINS COIE LLP**

By: */s/ Nicola C. Menaldo*

Nicola C. Menaldo, *pro hac vice*
NMenaldo@perkinscoie.com
Anna Mouw Thompson, *pro hac vice*
AnnaThompson@perkinscoie.com
Jordan C. Harris, *pro hac vice*
JordanHarris@perkinscoie.com
**PERKINS COIE LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Alisha C. Burgin, Bar No. 286269
ABurgin@perkinscoie.com
**PERKINS COIE LLP**
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: +1.310.788.9900
Facsimile: +1.310.788.3399

Attorneys for Defendant Magnite, Inc.