Thomas M. Hanson, Bar No. 184465
hanson@loevy.com
David B. Owens, Bar No. 275030
david@loevy.com
Jon Loevy, *pro hac vice*
jon@loevy.com
Mike Kanovitz, *pro hac vice*
mike@loevy.com
Julia Quinn, *pro hac vice*
jquinn@loevy.com
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900 (phone)
(312) 243-5902 (fax)

*Attorneys for Plaintiffs and Interim Class Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD LEWIS, GLADYS SOLIS, and PATRICIA CASTILLO, individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>MAGNITE, INC.,<br><br>Defendant. | Case No. 2:25-cv-03448-MWC-SSC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLCATION FOR LEAVE TO FILE SURREPLY**<br><br>Judge: Hon. Michelle Williams Court |

Apparently recognizing that has little basis to oppose class certification other than relying on previously-undisclosed (and therefore untested) documents and witnesses, Magnite seeks to file a surreply to attempt to justify its failure to follow the rules. Magnite's after-the-fact attempt to evade the consequences of its violations of Rule 26 is unavailing on several fronts, and its *ex parte* application to file a surreply should be denied for each of the following reasons:

***<u>The Application is Procedurally Defective</u>***

1. L.R. 7-19.1 requires that counsel seeking *ex parte* relief must advise opposing counsel "of the date and substance of the proposed ex parte application."

2. Moreover, this Court's posted procedures provide, "In addition to the information required by Local Rule 7-19.1, the notice must advise the other parties of the anticipated deadline to oppose the application."[1]

3. Plaintiffs' counsel Thomas Hanson received a phone call from Defendant's counsel Anna Mouw Thompson on June 1, 2026, in which Ms. Thompson advised that the Defendant intended to seek leave to file a surreply based on Plaintiffs having pointed out, in their class certification reply brief, that Defendant's opposition relied on previously-undisclosed materials in violation of Rule 26. As to timing, Ms. Thompson stated only that the application would be filed "in the coming days." Mr. Hanson stated that Plaintiffs would oppose the application.[2]

4. On June 8, 2026, Mr. Hanson, Ms. Thompson, and Defendant's counsel Meeghan Dooley participated in a meet and confer videoconference relating to various discovery matters. The videoconference began at 3:00 p.m. CT and ended at approximately 4:15 p.m. CT. Toward the end of that videoconference,

[1] https://apps.cacd.uscourts.gov/Jps/honorable-michelle-williams-court
[2] Hanson Decl. ¶ 2.

Mr. Hanson inquired if Defendant still intended to seek leave to file a surreply. Ms. Thompson responded in the affirmative, but again did not provide any information as to the timing or when the anticipated opposition would be due. Defendant filed the *ex parte* application approximately three hours later.[3]

5. Having failed to satisfy the requirements of the Local Rules or this Court, Defendant's *ex parte* application should be denied.

***The Application does not Show Good Cause for Extraordinary Relief***

6. Echoing its Rule 26 violations in the Response brief, Defendants' application also does not even attempt to justify its belated timing, much less to meet the "extraordinary relief" standard articulated by this Court.[4] It offers only a one-sentence justification for filing a surreply on the fallacious grounds that Plaintiffs responded to materials included in Defendant's Opposition that Defendant had never before disclosed. To state the obvious, the fact that Plaintiffs' responded to previously undisclosed material included in the opposition by pointing out that it was previously undisclosed does not provide good cause to grant extraordinary relief. Defendant cannot bootstrap its own derelictions into a justification.

***The Proposed Surreply Proves Magnite's Rule 26 Violations***

7. In the event the Court grants Defendant's application and considers the proposed Surreply, Defendant has done little more than prove its Rule 26 violations and the resulting prejudice to Plaintiffs. Defendant admits that it was in possession of the ad request logs on May 13, 2026, and that it provided the logs to its expert on May 15, 2026, a week before filing its opposition and accompanying expert report.

[3] *Id.*, ¶ 3.

[4] https://apps.cacd.uscourts.gov/Jps/honorable-michelle-williams-court (citing *Mission Power Engineering Co. v. Cont'l. Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).

Left unstated is that Defendant's opposition was filed well after the close of business on the Friday before Memorial Weekend, leaving Plaintiffs only 4 business days to respond. In other words, of the eleven business days between Defendant creating the logs and Plaintiffs' reply deadline, Defendant's deliberate delay in disclosing them cost Plaintiffs seven business days of being able to review them and respond. Depriving Plaintiffs of nearly 2/3 of the already short time available is *per se* prejudicial.

8. Moreover, Defendant knows that it is required to produce its expert reports and the materials upon which it relied, which is why it did so earlier in the day on which the opposition was filed, so it could say that the documents and report had been produced prior to filing. Defendant's statement may be technically accurate but still misleading. The timing sequence smacks of a bad faith effort to prejudice Plaintiffs rather than a substantially justifiable late disclosure.

9. The same is true as to Mr. Weiland's declaration. Tellingly, Defendant does not identify with specificity when its disclosed witness Mr. McGrath left the company, only that it occurred at some point in the three weeks prior to filing the Weiland declaration. Defendant did not at that point amend its Rule 26(a)(1) disclosures to remove Mr. McGrath and add Mr. Weiland; indeed, more than two weeks later Defendant has *still* not amended its disclosures. The simple fact is that Mr. Weiland was an undisclosed witness and without substantial justification.

10. Contrary to Defendant's assertion, Plaintiffs' Reply did not request the exclusion of the ad request logs, Mr. Schnell's report, and Mr. Weiland's testimony from this litigation. Rather, Plaintiffs noted that the Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion … unless the failure was substantially justified or is harmless." Fed. R.

Civ. P. 37(c)(1)(A).

11. Given that its opposition is based almost entirely on the undisclosed documents and witnesses, Defendant well knows that application of Rule 37 likely means that the proposed classes will be certified (as they should be, even if the problematic evidence were taken into account). Accordingly, Defendant asserts that exclusion of that evidence "would be a grossly disproportionate remedy." Dkt. 95-2 at 5.

12. To the contrary, in this case the sentence would perfectly fit the crime. Defendant did not disclose the documents and witnesses, and thus it should not be able to use those documents and witnesses to oppose the class certification motion. That Defendant's opposition is based almost entirely on the tainted and untested evidence is a problem of its own making, and the Court would be well within its discretion to apply Rule 37 according to its plain language.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Application to file a surreply.

Dated: June 9, 2026

Respectfully submitted,

/s/ Thomas M. Hanson
*One of Plaintiffs' Attorneys*

Thomas M. Hanson, SBN 184465 (hanson@loevy.com)
Jon Loevy (jon@loevy.com) (*pro hac vice*)
Mike Kanovitz (mike@loevy.com) (*pro hac vice*)
David B. Owens, SBN 275030 (david@loevy.com)
Julia Quinn (jquinn@loevy.com) (*pro hac vice*)
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900 (phone)
(312) 243-5902 (fax)

*Counsel for Plaintiffs and Interim Class Counsel*