UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-03448-MWC-SSC Date: June 11, 2026

Title: Edward Lewis *et al.* v. Magnite, Inc.

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S *EX PARTE* APPLICATION FOR LEAVE TO FILE SUR-REPLY (DKT. 95)**

Before the Court is Defendant Magnite, Inc.'s *ex parte* application ("Application") for leave to file a sur-reply in opposition to Plaintiffs' motion for class certification. *See* Dkt. # 95 ("*Appl.*"). Plaintiffs Edward Lewis and Patricia Castillo (collectively, "Plaintiffs") opposed. *See* Dkt. # 97 ("*Opp'n*"). After considering the papers, the Court **GRANTS** the Application.

I. Background

On April 30, 2026, Plaintiffs filed their motion for class certification. *See* Dkt. # 72. On May 22, 2026, Defendant opposed the motion. *See* Dkt. # 83-1. Defendant's opposition relied, *inter alia*, on the expert report of Ron Schnell, website ad request logs, and the declaration of Defendant's employee Jeff Wieland. *See id.* On May 29, 2026, Plaintiffs replied, arguing that Defendant's opposition violated Federal Rule of Civil Procedure ("Rule") 26 "by relying on: (1) gigabytes of documents it never identified in its disclosures," "(2) an expert report that is not only new but also non-compliant with Rule 26(a)(2)," and "(3) a declaration from an undisclosed fact witness . . . ." *See* Dkt. # 94 at 2 (citations omitted). Plaintiffs argued that because "[t]he undisclosed expert relies heavily on the newly-produced evidence[,] . . . Defendant obviously knew well in advance of Class Certification briefing that it 'may use' the documents." *See id.* (citing Fed. R. Civ. P. 26(a)(1)(A)(ii)).

Defendant now asks the Court *ex parte* for leave to file a sur-reply to address Plaintiffs' arguments regarding belated disclosure. *See generally Appl.* It avers that "the Reply introduces new legal theories and arguments that were not introduced with Plaintiffs' original moving papers," and Defendant otherwise has no opportunity to respond. *See id.* at 2. Plaintiffs opposed by arguing that Defendant violated Local Rule 7-19.1 and that Plaintiffs raised this argument only in their reply briefing because they were "respond[ing] to previously undisclosed material" that Defendant first introduced in its opposition. *See Opp'n* at 1–2.

## II. Legal Standard

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

## III. Discussion

### A. Leave to File Sur-Reply

Because the Court prefers to rule on class certification with the benefits of complete briefing, it will allow Defendant to file the proposed sur-reply. *See* Dkt. # 95-2. Since Defendant received Plaintiffs' reply on May 29, 2026, and the hearing date on the motion for class certification was June 12, 2026, Defendant could not have sought its requested relief through a properly noticed motion.[1] The Court cannot determine whether the

[1] After Defendant filed the Application on June 8, 2026, the Court *sua sponte* continued the hearing on Plaintiffs' motion for class certification to June 26, 2026. *See* Dkt. # 96. Defendant's delay in filing the Application suggests that counsel was not diligent. Though it is likely that Defendant

prejudice to Defendant would have been irreparable, as that would require an evaluation of the substance of the class certification motion and Plaintiffs' exclusion argument. But had Defendant filed a properly noticed motion for leave to file a sur-reply, the issue would have been moot by the time of that motion's hearing.

Nor can the Court determine Defendant's fault in creating the crisis that required *ex parte* relief without turning to the substance of the class certification motion. Plaintiffs do not dispute that they first raised the issue of exclusion on reply; instead, they identify that they could not have raised the issue earlier given Defendant's lack of disclosure. *See generally Opp'n*. Defendant maintains that it properly disclosed the evidence, and that any failure to disclose was substantially justified or harmless. *See* Dkt. # 95-2. It is currently unclear which party's argument will prevail. Thus, the *Mission Power* factors cannot decide Defendant's Application.

When evaluating whether to provide leave to file a sur-reply, a court can consider whether that filing would be "helpful to the resolution of the pending motion . . . ." *See Cattanach v. Maricopa Cnty. Cmty. Coll. Dist.*, No. CV-22-00572-TUC-RCC, 2023 WL 2708572, at *1 (D. Ariz. Mar. 30, 2023) (citation omitted). A court may in its discretion "allow the opposing party to file a surreply where it appears appropriate so that it may consider the arguments contained in the reply." *See Signal Hill Serv., Inc. v. Macquarie Bank Ltd.*, No. CV 11-01539 MMM (JEMx), 2013 WL 12244286, at *4 (C.D. Cal. Feb. 19, 2013); *see also Lavera Skin Care N. Am., Inc. v. Laverana GmbH & Co. KG*, No. 2:13-cv-02311-RSM, 2014 WL 7338739, at *3 (W.D. Wash. Dec. 19, 2014) (determining that the court would "consider both the full reply brief and the surreply in order to ensure resolution of the instant dispute on its merits" and to provide the parties the "opportunity to fully explore the relevant issues through their briefing . . . .").

Considering the potential import of Defendant's evidence, its exclusion without the benefits of full briefing would be inappropriate. Moreover, allowing Defendant to file a sur-reply at this stage may expedite the litigation, since—in the event the Court excludes Defendant's evidence—the Court need not reconsider its decision after Defendant later

---

spent the days between May 29 and June 8 drafting the proposed sur-reply, evaluating the substance of that sur-reply is not a component of the analysis as to whether to permit its filing. Instead, Defendant's actions required the Court to delay its hearing just days before it was set to take place. The Court will not tolerate such behavior going forward—Defendant must exercise greater consideration for the Court's schedule and that of opposing counsel.

briefs the issue for the first time. Consideration of Defendant's sur-reply also stems the impact of the Court's inability to fully evaluate the *Mission Power* factors at this juncture. If the Court later determines that excluding Defendant's evidence would be improper, Defendant's case would have been irreparably prejudiced had the Court not considered the Application on an *ex parte* basis, and Defendant would be without fault in creating the crisis requiring *ex parte* relief. And if the Court decides to exclude Defendant's evidence after considering the sur-reply, Plaintiffs ultimately suffered no prejudice from the Court granting the Application.

Thus, the Court **GRANTS** Defendant's *ex parte* application for leave to file a sur-reply.

B. Compliance with Court Procedures

Still, the Court cannot overlook Plaintiffs' troubling allegations regarding Defendant's compliance with court procedures. Plaintiffs detail that Defendant's counsel called Plaintiffs' counsel on June 1, 2026, advising that Defendant would seek leave to file a sur-reply. *See Opp'n* at 1. Defendant's counsel stated only that she would file the Application "in the coming days." *See id.* On June 8, 2026, counsel met and conferred regarding discovery matters. *See id.* "Toward the end of that videoconference, [Plaintiffs' counsel] inquired if Defendant still intended to seek leave to file a surreply. [Defendant's counsel] responded in the affirmative, but again did not provide any information as to the timing or when the anticipated opposition would be due." *See id.* at 1–2. Defendant filed the Application three hours after that videoconference. *See Appl.*

Local Rule 7-19 requires attorneys "to make reasonable, good faith efforts orally to advise counsel for all other parties . . . of the date and substance of the proposed ex parte application . . . ." This Court's procedures also require counsel to advise opposing parties "of the anticipated deadline to oppose the application." *See* HONORABLE MICHELLE WILLIAMS COURT, https://apps.cacd.uscourts.gov/Jps/honorable-michelle-williams-court (last visited June 11, 2026).

Defendant's counsel failed to comply with both requirements. The Court can only assume that Defendant's counsel was aware that she would file the Application later on June 8 when Plaintiffs' counsel sought clarification as to whether Defendant still intended to seek leave. Even if she was unsure of the exact timing of the Application's filing, this Court's procedures required her to provide a good faith indication as to the Application's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-03448-MWC-SSC Date: June 11, 2026

Title: Edward Lewis *et al.* v. Magnite, Inc.

status. The Court will not tolerate petty gamesmanship. Defendant's counsel has exhausted goodwill at an early stage of the litigation, making the Application's success a pyrrhic victory. Accordingly, the Court alerts Defendant that it will *sua sponte* consider sanctions if Defendant again fails to comply with the Local Rules or this Court's procedures. *See Foster v. Wilson*, 504 F.3d 1046, 1053 (9th Cir. 2007).

IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's *ex parte* application for leave to file a sur-reply in opposition to Plaintiffs' motion for class certification. The Court **ORDERS** Defendant to file its sur-reply on the docket by end of day on June 15, 2026.

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ