Nicola C. Menaldo, *pro hac vice*
NMenaldo@perkinscoie.com
Anna Mouw Thompson, *pro hac vice*
AnnaThompson@perkinscoie.com
Jordan C. Harris, *pro hac vice*
JordanHarris@perkinscoie.com
PERKINS COIE LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: 206.359.8000
Facsimile: 206.359.9000

Alisha C. Burgin, Bar No. 286269
ABurgin@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Defendant Magnite, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EDWARD LEWIS and PATRICIA CASTILLO, individually and on behalf of similarly situated individuals,

Plaintiffs,

v.

MAGNITE, INC.,

Defendant.

Case No. 2:25-CV-03448-MWC-SSC

**DEFENDANT MAGNITE INC.'S SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Date: July 10, 2026
Time: 1:30 p.m.
Courtroom: 6A
Judge: Michelle Williams Court

## TABLE OF CONTENTS


I. INTRODUCTION .......... 5

II. LEGAL STANDARD .......... 6

III. ARGUMENT .......... 7

A. Magnite Properly Disclosed the Ad Request Logs. .......... 8

B. Magnite Did Not Violate Rule 26's Expert Disclosure Requirements. .......... 10

C. Any Failure to Identify Mr. Wieland is Harmless and Substantially Justified. .......... 11

IV. CONCLUSION .......... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*3M Co. v. Kanbar*,
2007 WL 1725448 (N.D. Cal. June 14, 2007) .......... 6, 8

*Califano v. Yamasaki*,
442 U.S. 682 (1979) .......... 13

*Davidson v. O'Reilly Auto Enters., LLC*,
968 F.3d 955 (9th Cir. 2020) .......... 13

*Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*,
2021 WL 4808597 (N.D. Cal. Mar. 17, 2021) .......... 6, 8

*Liberty Ins. Corp. v. Brodeur*,
41 F.4th 1185 (9th Cir. 2022) .......... 7

*Lytle v. Nutramax Lab'ys, Inc.*,
114 F.4th 1011 (9th Cir. 2024) .......... 7, 13

*Munro v. Univ. of S. Cal.*,
2019 WL 7166985 (C.D. Cal. Nov. 8, 2019) .......... 5, 6

*Sali v. Corona Reg'l Med. Ctr.*,
909 F.3d 996 (9th Cir. 2018) .......... 7

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) .......... 13

**Rules**

Fed. R. Civ. P. 23(c)(1)(C) .......... 13

Fed. R. Civ. P. 26 .......... 6, 7, 8, 10

Fed. R. Civ. P. 26(a) .......... 7, 8

Fed. R. Civ. P. 26(e) .......... 7

Fed. R. Civ. P. 26(a)(1)(A)(i) .......... 6

Fed. R. Civ. P. 26(a)(2) .......... 10

Fed. R. Civ. P. 26(a)(2)(B) ........ 6, 10
Fed. R. Civ. P. 26(a)(2)(D) ........ 6, 10
Fed. R. Civ. P. 26(e)(1)(A) ........ 7, 10

# I. INTRODUCTION

In two fleeting paragraphs of their reply brief, Plaintiffs make the drastic request that this Court exclude key evidence supporting Magnite's opposition to class certification: the expert report of Ron Schnell, the website ad request logs evaluated therein, and the declaration of Magnite employee Jeff Wieland. Reply at 1-2. Plaintiffs base this request on Magnite's purported failure to list this evidence in its Rule 26 disclosures. *Id.* Not only is that misleading and inaccurate—the evidence was variously disclosed or excused from disclosure—but the requested remedy is vastly disproportionate to the claimed harm, because there was none. Plaintiffs' request for exclusion thus fails for at least three independent reasons. First, Magnite timely disclosed the ad request logs in its initial disclosures. *See* Menaldo Decl. Ex. 1. Second, there is no Rule 26 issue with Magnite's expert report because the Court-ordered expert disclosure deadline is not until July 17, 2026—more than a month away—and Rule 26 does not require prior disclosure of an expert before the deadline set by the Court. In any event, the report was not completed, and Magnite had not even decided to use it, until May 22, 2026, the date Plaintiffs received it. Menaldo Decl. ¶ 3. Third, Magnite did not know it would need to rely on Mr. Weiland until its previously-disclosed witness with overlapping knowledge left the company during the three-week period Magnite had to oppose class certification. *See* Menaldo Decl. ¶ 7. Thus, even if the Court were to somehow determine that a technical disclosure violation by Magnite had occurred, any such failure was harmless and substantially justified, evidence introduced in opposition to class certification need not be admissible, and exclusion would be a grossly disproportionate remedy under these circumstances.

This case is diametrically opposite to the sole case Plaintiffs cite in support of exclusion. *See* Reply at 2 (citing *Munro v. Univ. of S. Cal.*, 2019 WL 7166985 (C.D. Cal. Nov. 8, 2019)). In that case, untimely disclosures occurred "several

months past the June 14, 2019, deadline for completing class certification discovery" and plaintiffs had filed the action over three years prior. *Munro*, 2019 WL 7166985, at *1. Here, all of fact discovery is open until July 10, 2026. Dkt. 49. Expert disclosures are not due until July 17, 2026, with rebuttal disclosures due July 31 and the expert discovery cut-off on August 14. *Id.* Trial is more than seven months away. *Id.* With discovery still ongoing, Plaintiffs have received all of the evidence and information that they seek to exclude. If they wish to serve additional discovery, notice depositions (which they have not yet done), have their expert review and rebut evidence or arguments made based on it, and so on—they have time to do so.

Accordingly, the Court should consider the motion for class certification on the full record before it.

## II. LEGAL STANDARD

Rule 26 sets forth parties' disclosure obligations during discovery. As to documents, Rule 26(a)(1)(A)(ii) requires a party to describe "by category and location" documents that the party "may use to support its claims or defenses." The Rule "requires a modest level of specificity." *Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*, 2021 WL 4808597, at *2 (N.D. Cal. Mar. 17, 2021). "An itemized listing of each document is not required under Rule 26(a)." *3M Co. v. Kanbar*, 2007 WL 1725448, at *1 (N.D. Cal. June 14, 2007). Rule 26 also requires parties to disclose the name and contact information of "individual[s] likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26 also sets forth expert disclosure obligations, requiring that these disclosures be "accompanied by a written report" and occur "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(B) and (D).

Parties have a duty to supplement their initial disclosures, but this does not apply if the additional information "has otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

At the class certification stage in particular, evidence does not need to be admissible to be considered. *See Lytle v. Nutramax Lab'ys, Inc.*, 114 F.4th 1011, 1024–25 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1308 (2025) ("[T]here is no requirement that the evidence relied upon by Plaintiffs to support class certification be presented in an admissible form at the class certification stage."). Instead, "'an inquiry into the evidence's ultimate admissibility should go to the weight that evidence is given at the class certification stage.'" *Id.* at 1025 (quoting *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018)).

Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*." (emphasis added). In determining whether a failure is substantially justified or harmless, courts consider: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022). If failure to disclose was substantially justified or harmless, exclusion of evidence is "not appropriate." *Id.*

## III. ARGUMENT

The Court should deny Plaintiffs' requests for exclusion for three reasons. First, Magnite timely disclosed the ad request logs in its initial disclosures as required by Rule 26. Second, the expert disclosure deadline is July 17, 2026, and Rule 26 does not require disclosure of an expert before this deadline. Third, Magnite did not know it would need to rely on Mr. Weiland until its previously-

disclosed witness with overlapping knowledge left the company during the three-week period Magnite had to oppose class certification. *See* Menaldo Decl. ¶ 7. Thus, even if the Court were to somehow find that Magnite had not complied with Rule 26 in any way, any failure was harmless and substantially justified, and exclusion is not warranted.

**A. Magnite Properly Disclosed the Ad Request Logs.**

The ad request logs Plaintiffs seek to exclude falls squarely within a disclosed category and are described with the "modest level of specificity" required under Rule 26(a). *Elite Semiconductor*, 2021 WL 4808597, at *2 . *See also Kanbar*, 2007 WL 1725448, at *1. In its initial disclosures, served on October 31, 2025, Magnite identified it would rely on documents showing "[t]he types of data collected via the technology challenged by Plaintiffs." That is exactly what the ad request logs are: documents showing the types of data collected via the technology that Plaintiffs challenge. Mr. Schnell's expert report confirms as much, explaining that the logs demonstrate the "variability in the information received by Magnite" in ad requests sent by website publishers, with analysis focusing on what the ad request logs demonstrate about key types of data at issue in this case. Magnite thus properly disclosed the ad request logs. *See Kanbar*, 2007 WL 1725448, at *1 ("An itemized listing of each document is not required under Rule 26(a).").

Nor did Magnite introduce new evidence based on the logs or otherwise that "tied . . . other khaos IDs to Mr. Lewis" by "deanonymizing" him. Reply at 4. The alphanumeric value of both khaos ID were disclosed for the first time in the screenshot of what Mr. Mercado, *Plaintiff's* expert, found in *Mr. Lewis's* browser; Magnite merely used both alphanumeric numbers in Mr. Mercado's screenshot to search for records associated with that same alphanumeric number. *See* Dkt. 80-10 (discussing only "MOD4S8VQ-S-C59G" in Plaintiff's expert declaration); 80-13

(including both "MOD4S8VQ-S-C59G" and "LY4V0YQQ-P-DCSH" in screenshot provided by Plaintiff's expert); 85-2 ¶ 30 (discussing both alphanumeric numbers in Magnite's expert report).

However, even if the logs were not covered by Magnite's initial disclosures (as they clearly were), and even if Magnite had been required to supplement these disclosures despite producing the logs (as it clearly was not), exclusion would not be an appropriate remedy because any omission was substantially justified and harmless. First, there is no prejudice or surprise to Plaintiffs. Plaintiffs' case is premised on the notion that Magnite collects information about consumers. They cannot credibly claim surprise that Magnite would rebut those allegations—at the class certification stage or after—using data received from the very websites named in the Complaint. Further, Plaintiffs have not suffered any prejudice, and any prejudice would be readily curable, because Plaintiffs received the logs before filing their reply brief and with nearly two months remaining to seek additional discovery, conduct depositions, and prepare the logs for use by their own expert, including at summary judgment and during trial. And because the trial is more than seven months away, there is plainly no likelihood of disruption of trial.

There is also a complete absence of bad faith or willfulness. While Plaintiffs speculate that Magnite provided the logs to Mr. Schnell "weeks if not months in advance of producing them to Plaintiffs," Dkt. 94-1 ¶ 6, that assertion is simply wrong. Magnite produced the logs to Plaintiffs just one week after providing them to Mr. Schnell. *See* Menaldo Decl. ¶ 3. In fact, the logs did not even exist "weeks if not months" before production because, as Mr. Schnell's report states, "[t]he sampled logs consist of 5,000 entries per website for 15 websites *on May 13, 2026*"—i.e., nine days before Magnite filed its opposition to class certification. *See* Dkt. 82-2.

Finally, even if Magnite's initial disclosures had not adequately described the logs as they did, Magnite's actual production of the logs in discovery independently satisfies its obligations. *See* Fed. R. Civ. P. 26(e)(1)(A) (stating that a party's duty to supplement initial disclosures only applies "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing").

**B. Magnite Did Not Violate Rule 26's Expert Disclosure Requirements.**

Plaintiffs state Magnite's expert report does not comply with Rule 26(a)(2) but do not explain how. *See* Reply at 2. In any event, Magnite has not violated the Rule 26(a)(2) expert disclosure requirements. Under Rule 26(a)(2)(D), a party must make expert disclosures "at the times and in the sequence that the court orders." Here, the Court has ordered initial expert disclosures on July 17, 2026. Dkt. 49. Magnite thus has not missed any expert disclosure deadline. If Plaintiffs intend to argue that, notwithstanding the expert disclosure deadline set by the Court, Magnite was required to disclose its expert before submitting the report, Rule 26 imposes no such requirement. The Rule requires only that expert disclosures be "accompanied by" a written report. Fed. R. Civ. P. 26(a)(2)(B). Magnite did not violate Rule 26 by providing an expert report in advance of the expert disclosure deadline. Further, it would not even have been possible for Magnite to make an earlier disclosure. The report was not completed, and Magnite had not decided to use it, until May 22, 2026, the date Plaintiffs received it. Menaldo Decl. ¶ 3.

Even if Magnite had somehow violated Rule 26 by providing an expert *report* before it was even obligated to *disclose* its expert, exclusion would be improper for several reasons. As to the class certification stage in particular, Plaintiffs should not be surprised that Magnite retained an expert in a case of this

complexity and have not suffered prejudice because there is no counterfactual scenario where plaintiffs would have had an opportunity to review Mr. Schnell's report before submitting their motion. More broadly, there is no prejudice to cure, possibility of disruption at trial, or willful or bad faith conduct at play. Magnite's early disclosure—months before the expert disclosure deadline—benefits Plaintiffs, who learned of Mr. Schnell's retention and received his opinion at class certification nearly two months before the expert disclosure deadline and nearly three months before the August 14, 2026, expert discovery cut-off.

**C. Any Failure to Identify Mr. Wieland is Harmless and Substantially Justified.**

Plaintiffs' final basis for exclusion—that Mr. Wieland is an undisclosed fact witness—is also without merit because of substantial justification and a lack of harm. Mr. Wieland is serving as a fact witness in place of Garrett McGrath, whom Magnite identified in its initial disclosures as a fact witness with knowledge of Magnite's operations. *See* Menaldo Decl. ¶ 6, Ex. 1. Mr. McGrath served in that capacity throughout the litigation, including by signing Attachment A to Magnite's verified interrogatory responses, which Plaintiffs received on April 27, 2026, and which covered many of the same factual matters addressed in the Wieland declaration. Menaldo Decl. ¶ 6; Dkt. 80-7 . Mr. Wieland only stepped in as a fact witness after Mr. McGrath (for reasons unrelated to the litigation) ceased being a Magnite employee in May 2026, during the three-week period Magnite had to oppose the motion for class certification. Menaldo Decl. ¶ 7.

Application of the *Liberty Insurance* factors confirms that exclusion in this scenario is unwarranted. First, Plaintiffs have not suffered any surprise or prejudice from the fact that a corporate representative provided a declaration detailing Magnite's business practices at the class certification stage. Mr. Wieland's declaration covers many of the same facts Plaintiffs already received in

Attachment A to Magnite's discovery responses. Menaldo Decl. ¶ 6; Dkt. 80-7. Further, Plaintiffs took no action whatsoever with respect to Mr. McGrath—they did not seek to depose him and did not seek any discovery regarding him. Mr. Wieland is serving the same role in this litigation that Mr. McGrath occupied, and Plaintiffs' inaction as to Mr. McGrath belies a claim of prejudice from Mr. Wieland's substitution.

Second, any prejudice could easily be cured because Plaintiffs became aware of Mr. Wieland with nearly two months left in discovery, and the discovery deadline is still more than a month away. Third, for the same reasons, there is no potential effect on trial.

Fourth, there is no bad faith or willfulness here. Mr. Wieland stepped into the shoes of an employee who had been disclosed before his employment with Magnite ended. As recently as April 29, Mr. McGrath signed an attachment to Magnite's interrogatory responses covering the same ground as Mr. Wieland's declaration. Mr. Wieland stepped in to provide similar information only because of Mr. McGrath's departure.

Exclusion is also unjustified here because Mr. Wieland's declaration details facts about Magnite's business practices and technology—*i.e.*, institutional rather than percipient knowledge. It would be a disproportionate remedy to exclude key testimony about Magnite's business practices and technology based on the identity of the corporate representative who signed the declaration when Plaintiffs could have received similar information prior to class certification had they noticed a 30(b)(6) deposition. Their unexplained failure to have done so cannot be the grounds for exclusion later.

Finally, given that discovery is ongoing, any temporary exclusion of evidence for class certification purposes would only unreasonably delay and artificially impact the Court's ultimate assessment of whether class certification is

proper. Evidence does not need to be admissible to be considered at class certification, precisely because class certification orders are "'inherently tentative.'" *See Davidson v. O'Reilly Auto Enters., LLC*, 968 F.3d 955, 964 n.7 (9th Cir. 2020) (cleaned up); *Lytle*, 114 F.4th at 1024–25 ("[T]here is no requirement that the evidence relied upon by Plaintiffs to support class certification be presented in an admissible form at the class certification stage."), *cert. denied*, 145 S. Ct. 1308 (2025). Any order on class certification "may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). Excising evidence from class certification consideration at this stage would only hamper and delay the Court's ability to decide, on the actual facts, whether this case is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)).

## IV. CONCLUSION

Magnite respectfully requests that the Court deny Plaintiffs' request to exclude evidence and consider the motion for class certification on the full evidentiary record before it.

**<u>Certificate of Compliance</u>**

The undersigned counsel of record for Magnite, Inc. certifies that this brief is fewer than 7,000 words, which complies with the word limit outlined in Local Rule 11-6.1 for replies.

DATED: June 15, 2026

**PERKINS COIE LLP**

By: */s/ Nicola C. Menaldo*

Nicola C. Menaldo, *pro hac vice*
NMenaldo@perkinscoie.com
Anna Mouw Thompson, *pro hac vice*
AnnaThompson@perkinscoie.com
Jordan C. Harris, *pro hac vice*

JordanHarris@perkinscoie.com
**PERKINS COIE LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: 206.359.8000
Facsimile: 206.359.9000

Alisha C. Burgin, Bar No. 286269
ABurgin@perkinscoie.com
**PERKINS COIE LLP**
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Defendant Magnite, Inc.